[Crim. No. 4606.   Second Dist., Div. One.   July 27, 1951.]

THE PEOPLE, Respondent, v. DUNKIN CLEMISON, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Shortly after midnight two police officers, cruising in a patrol car, observed an automobile standing on Wilshire Boulevard, near the Soldiers Home at Sawtelle. Three men were in the vicinity. One was behind the wheel of the car; another was standing on the sidewalk; the third was in a telephone booth.

The officers made a U-turn and came back to the automobile. By then the three men were seated in the car. The officers arrested them. Found in the car were pieces of bent wire called "picks," and other tools which could be used to pick the locks of coin boxes in pay telephones; also a paper bag containing $23.30 in nickels, dimes and quarters.

The man who was on the sidewalk later confessed that he and the other two men had been rifling coin boxes in pay telephone booths for several weeks; that he was the lookout man; that one of the other two men actually picked the locks and took the coin boxes out of telephones; that after an evening's work they would divide the proceeds equally; and that on the evening in question they had successfully picked a box on South Western Avenue in Los Angeles, had tried unsuccessfully to pick several other boxes, and were attempting to rob the coin box in the telephone booth on Wilshire Boulevard when they were arrested.

The three men were charged with three counts of burglary, 2d degree. On the trial the information against one defendant was dismissed. He later testified in the case. The two remaining defendants were convicted of two counts of burglary 2d degree, and acquitted of the third count.

One of these two defendants was granted probation. The remaining defendant was denied probation and was sentenced to state's prison. From this judgment he appeals.

The appealing defendant is the man who was seen by the officers in the telephone booth on Wilshire. It may be inferred from the evidence on the trial that the picks and other implements, and the money in nickels, dimes, and quarters, were in his possession.

The evidence shows that the lock on the coin box in the tele-

phone in the booth on Wilshire was normally in a vertical position; that it was left that way by the telephone company's coin collector just before the evening the defendants were there; and that after the defendants were there it was in a horizontal position. And a key taken from defendant's person fitted the upper housing of the pay telephone on South Western Avenue.

During investigation of the case by police officers, defendant was confronted with his two companions. One of them told defendant that he had told the officers the truth about the telephone burglaries—that he had made a full confession.

Then defendant said to the officers, ''Well, what can I say?''

The two men were taken from the room, leaving defendant there with the officers. Then defendant said, ''The first time I got picked up for this a girl turned me in. Now it is a punk kid. If I had worked alone, you guys never would have got anything on me.''

Then defendant admitted that he had picked the coin box at the pay station on South Western Avenue, and was attempting to pick the box on Wilshire Boulevard when he was arrested. He also admitted that the pieces of bent wire found in the automobile were the instruments he had used, and that he had made them.

It is conceded that the offenses were burglaries. (*People* v. *Miller*, 95 Cal.App. 2d 631 [213 P.2d 534].)

Defendant presents three grounds of appeal: first, error in law on the trial; secondly, error in instructing the jury; and, lastly, that the evidence is insufficient to support the conviction.

■ The first ground concerns an offer in evidence by the People of three pieces of bent wire found in defendant's possession in 1946. The wire was offered in evidence on the theory that being similar to the wire found in the automobile used by the defendant it tended to connect him with the crime. In ruling on the objection to the offer the trial court directed that the wire be admitted in evidence, but stated that the witness would not be allowed to testify that he saw defendant use the wire to open a lock unless a foundation was laid that the locks were the same. This foundation was not laid, and no testimony was offered regarding defendant's use of the three pieces of wire.

It would have been better trial practice to have excluded the wire unless the district attorney was prepared to complete the

proof. However, under the facts in the case, admission of the wire in evidence without completing the offer of proof was not reversible error. Defendant took the stand in his own behalf and denied any knowledge of the wire. And no request was made for any instruction relative to it.

Defendant argues that it was error to refuse an offered instruction that corroboration of the testimony of an accomplice may not be supplied by the testimony of one or more accomplices, but must come from other evidence of circumstances, or from the testimony of one or more witnesses who are not accomplices. The instruction was not required because the court ruled at the time of its admission that the confession of the accomplice was not binding upon the defendant, and in the general instructions advised the jury of their duty to disregard the confession in determining defendant's guilt, and to examine the record to satisfy themselves that there was other evidence sufficient to connect defendant with the commission of the crimes with which he was charged. The jury was fully and fairly instructed as to the elements of the crime and the rights of the defendant.

The last ground—insufficiency of the evidence to support the conviction—is untenable. The record contains sufficient evidence to support the verdict of the jury.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.