No. 19,081.

Joe Walter Sanchez *v*. People of the State of Colorado.
(349 P. [2d] 561)

Decided February 23, 1960.

Mr. Robert C. Wilson, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E.

HICKEY, Deputy, Mr. GERALD HARRISON, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE SUTTON.

SANCHEZ was convicted of, and sentenced for, burglary of an outside telephone booth which was located about twenty-five feet from a filling station. He admitted that he was caught in the act of prying the cover off the coin box in the booth. His principal assignment of error is that the trial court should have granted his motion for a directed verdict in that he contends a telephone booth is not a building within the meaning of our statute on burglary (C.R.S. '53, 40-3-6) as amended in 1957.

■ Historically, burglary was the common law crime of breaking and entering a dwelling at night with felonious intent. *Stowell v. People* (1939), 104 Colo. 255, 90 P. (2d) 520. This has long since been altered by statute in most jurisdictions to broaden the scope of the crime to cover various enumerated structures.

Prior to the 1957 amendment the 1889 Colorado burglary statute listed a variety of structures as within its terms including a dwelling house, church, kitchen, office, saloon, watercraft, school house, and railroad car along with others. The amendment defined burglary in terms of entry with felonious intent into " * * * any building, railroad car or trailer. * * * "

■ It seems obvious that the legislature, in adopting the amendment in question, sought to have one overall generic term, i.e., "building" encompass not only the variety of structures it had listed before, but also to cover all types of structures known but not then included and possibly other types which might be invented in the future. Since a building is generally considered to be an edifice, erected by art, and fixed upon or over the soil (Bouvier's Law Dictionary 1914), the legislature in

1957 wisely left in the statute "railroad car(s)" and added "trailer(s)" since these objects generally are not stationary and because trailers have been developed since the original act was adopted. Thus now all stationary structures within Colorado, no matter of what substance they may be constructed, are within the term building, so long as they are designed for use in the position in which they are fixed. As a separate class it provided that both railroad cars and trailers, which were in widespread use in 1957 both as dwellings and for the storage or carriage of personal property, were included as the subject of burglary. With the advent of the space age the Congress or state legislatures may soon be amending such statutes to include those buildings not only resting on the earth's surface but also those in the air or in space as well.

█ Though a telephone booth may be only a "closet" by dictionary definition (See Webster's New Twentieth Century Dictionary of The English Language, 1954 ed.) when within another structure, it is a building within the purview of this act when set apart. In California, under a statute somewhat similar to ours before the 1957 amendment, it was held that entering a telephone booth with felonious intent constituted burglary. *People v. Miller* (1950), 95 Calif. App. (2d) 631, 213 P. (2d) 534 (phone booth was attached to outside of a cafe); *People v. Clemison* (1951), 105 Calif. App. (2d) 679, 233 P. (2d) 924 (phone booth was located along side of street).

Rather than limiting the definition of a building to a structure with walls and a roof, which would include the telephone booth in question, we believe it was the legislative intent that a building is "a structure which has the capacity to contain, and is designed for the habitation of man or animals, or the sheltering of property," see *People v. Miller,* supra.

█ The definition of a word used in a statute is a question of law for the court. *Blumenthal v. U.S.* (1937), 88 F. (2d) 522, 528; *Quinn v. U.S.* (1952), 203 F. (2d)

20, 24; *State v. Comer* (1934), 176 Wash. 257, 28 P. (2d) 1027, 1031; *Vahlberg v. State* (1952), 96 Okla. Cr. 102, 249 P. (2d) 736, 751; *Sobrio v. Cafferata,* (1956), 72 Nev. 145, 297 P. (2d) 828, 830; 53 A.J. 216, *Trial,* §253. The trial court did not err in refusing defendant's motion for a directed verdict based upon the contention that a telephone booth is not a building within the contemplation of the statute.

We have considered the other assignments of error and find them to be without merit.

Judgment affirmed.

MR. JUSTICE MOORE and MR. JUSTICE KNAUSS concur.