174 So.2d 55 (1965)
Robert Mitchum PERRY, Appellant,
v.
STATE of Florida, Appellee.
No. F-173.
District Court of Appeal of Florida. First District.
April 1, 1965.
Rehearing Denied May 4, 1965.
George G. Phillips, Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
MURPHREE, JOHN A.H., Associate Judge.
The defendant has appealed from a judgment entered by the Court of Record of Escambia County, convicting and sentencing him for breaking without entering three telephone booths with the intent to commit petit larceny therein.
The principal question for our determination in this appeal is whether a telephone booth located outdoors is a "building" within the meaning of Section 810.05, Florida Statutes, F.S.A. As to such question, this is a case of first impression in Florida.
In the first, third, and fifth counts of the information filed in the said court against the appellant and a co-defendant by the County Solicitor of the said county, the State charges that the two defendants on a certain date unlawfully and feloniously entered without breaking "a certain building, to-wit: a telephone booth," the property of the Southern Bell Telephone and Telegraph Company, with intent to commit a misdemeanor, to-wit: petit larceny. A different telephone booth was described in each of these three counts. The second, fourth, and sixth counts charge that on the same date the two defendants stole and carried away from a telephone booth money of the value of less than $100, the property of the said telephone company. Each of these latter *56 counts describes the telephone booth referred to in the preceding count of the information. At the trial the jury found the defendants guilty of all six counts. Subsequently, the trial court sentenced each of the defendants under the first, third, and fifth counts to confinement in the State Prison for five years on each count, and deferred sentencing under the second, fourth, and sixth counts.
The three telephone booths are respectively described in the several counts of the information as located at Bobe and Tarragona Streets, at Jordan and Davis Streets, and at Bobe and Alcaniz Streets, all in the City of Pensacola. It is clear from the evidence adduced at the trial that each of these booths was located outdoors, not within another building.
Section 810.05, Florida Statutes, F.S.A., under which the appellant was prosecuted in the first, third, and fifth counts of the information, reads as follows:
"Breaking and entering with intent to commit a misdemeanor. Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor, shall be punished by imprisonment in the state prison or county jail not exceeding five years, or by fine not exceeding five hundred dollars."
Since obviously a telephone booth cannot logically be considered a dwelling house, store house, ship, vessel, or a railroad car, the only classification mentioned in the above statute into which an outdoor telephone booth might fall, is the rather broad term "building," so our task is to decide whether such a booth can properly be considered a "building," as that term is used in Section 810.05.
The parties to this appeal have not cited to us any Florida case, and our independent search has revealed none, in which an appellate court has made a determination as to whether an outdoor telephone booth is a "building" within the meaning of the latter word as used in a criminal statute. In its brief, however, the State has called our attention to a decision of the Supreme Court of Colorado  Sanchez v. People, 142 Colo. 58, 349 P.2d 561, 78 A.L.R.2d 775 (1960)  and also to the annotation following the report of the cited case, beginning at 78 A.L.R.2d 781.
In the last-mentioned case the defendant was charged with and convicted of burglary in entering an outdoor telephone booth with the felonious intent of breaking into the coin box and taking the coins. He appealed from the judgment of conviction to the Colorado Supreme Court. His principal contention in that court was that a telephone booth is not a building within the meaning of the Colorado burglary statute, a 1957 amendment of which defines burglary in terms of entry with felonious intent into "* * * any building, railroad car, or trailer * * *." In affirming the judgment appealed from, the Colorado Supreme Court held with reference to the appellant's said contention:
"It seems obvious that the legislature, in adopting the amendment in question sought to have one overall generic term, i.e., `building' encompass not only the variety of structures it had listed before, but also to cover all types of structures known but not then included and possibly other types which might be invented in the future. Since a building is generally considered to be an edifice, erected by art, and fixed upon or over the soil (1 Bouv.Law Dict. Rawle's Third Revision, p. 400), the legislature in 1957 wisely left in the statute `railroad car(s)' and added `trailer(s)' since these objects generally are not stationary and because trailers have been developed since the original act was adopted. Thus now all stationary structures within Colorado, no matter of what substance they may be constructed, are within the term building, *57 so long as they are designed for use in the position in which they are fixed."
With specific reference to telephone booths, the court further said:
"Though a telephone booth may be only a `closet' by dictionary definition (See Webster's New Twentieth Century Dictionary of The English Language, 1954 ed.) when within another structure, it is a building within the purview of this act when set apart. In California, under a statute somewhat similar to ours before the 1957 amendment, it was held that entering a telephone booth with felonious intent constituted burglary. People v. Miller, 1950, 95 Cal. App.2d 631, 213 P.2d 534 (phone booth was attached to outside of a cafe); People v. Clemison, 1951, 105 Cal. App.2d 679, 233 P.2d 924 (phone booth was located along side of street).
"Rather than limiting the definition of a building to a structure with walls and a roof, which would include the telephone booth in question, we believe it was the legislative intent that a building is `a structure which has a capacity to contain, and is designed for the habitation of man or animals, or the sheltering of property', see People v. Miller, supra [95 Cal. App.2d 679, 213 P.2d 536]."
In the annotation (78 A.L.R.2d 778-799) appended to the report of the Sanchez case, the annotator states on page 781 that booths "have frequently been held to constitute buildings for burglary purposes" and cites in support of this proposition the Sanchez case, supra, People v. Miller, 95 Cal. App.2d 631, 213 P.2d 534 (1950), and People v. Clemison, 105 Cal. App.2d 679, 233 P.2d 924 (1951).
In the second case thus cited in the annotation, People v. Miller, 95 Cal. App.2d 631, 213 P.2d 534 (1950), the District Court of Appeal for the Fourth District of California held that a telephone booth is a "building or structure" within the meaning of the California burglary statute. The defendant had been charged in the lower court with wilfully, unlawfully, and feloniously entering a "phone booth" occupied by a named telephone company. At the trial the defendant admitted and the evidence established that he broke into the telephone booth and took the money on the dates specified in the three counts of the information, and he was convicted. His sole contention in his appeal from the judgment of conviction was that a telephone booth is not a building within the meaning of Section 459 of the California Penal Code, which reads in pertinent part: "Every person who enters any house, room, apartment, shop, warehouse, store, mill, stable, outhouse or other building, tent, vessel, railroad car, trailer coach * * *, vehicle * * *, aircraft * * *, mine * * *, with intent to commit grand or petit larceny or any felony is guilty of burglary." The telephone booth in question had walls on four sides, a roof, and a floor. Three of the walls were solid and the fourth consisted for the most part of a door. The back wall of the booth was placed against a side wall of a building occupied by a cafe. The California District Court of Appeal held that this phone booth satisfied two definitions of a building recognized in two earlier California decisions, including People v. Buyle, 22 Cal. App.2d 143, 70 P.2d 955 (1937), where it was stated that a building has been defined as "a structure which has a capacity to contain, and is designed for the habitation of man or animal, or the sheltering of property."
The above holding in the Miller case was recognized and followed by the District Court of Appeal, Second District of California, in the later case of People v. Clemison, 105 Cal. App.2d 679, 333 P.2d 924 (1951), which involved a prosecution for burglary in the second degree for rifling coin boxes in pay telephone booths.
The closest any Florida appellate court has come to considering the question before us in the instant appeal was in Dawalt v. *58 State, 156 So.2d 769 (1963), in which the District Court of Appeal, Third District of Florida, held that a telephone booth located inside another building is not a "building" within Section 810.05, Florida Statutes, F.S.A., the law we must construe and apply in the present case. The telephone booth involved in the Dawalt case was located within a certain building in the City of Coral Gables. The Third District Court of Appeal cited the holding in the Miller, Clemison, and Sanchez cases, which we have discussed above, that under "similar statutes with reference to entry of `buildings' * * * it was proper to classify an outside telephone booth as a building," but pointed out that the court in the Sanchez case "indicated a different result would have been reached if the telephone booth had been in or within a building * * *." Finally, the Third District Court of Appeal held that the information in the case before it failed to state a crime under Florida laws "by classifying as the building entered a telephone booth located in another building." Lest its holding be misconstrued, the court declared:
"This case does not present for decision, and we do not now express an opinion on whether an outside telephone booth properly may be classed as a building, in charging an offense under § 810.05, Fla. Stat., F.S.A."
Inasmuch as the telephone booths involved in the present appeal must be classified as outside telephone booths, we consider that our conclusion that they constitute "buildings" under Section 810.05 is entirely consistent with our sister court's decision in the Dawalt case.
The foregoing decisional definitions of the word "building," are, we think, compatible with the general meaning of the word as defined in recognized dictionaries. The noun "building" is defined in Webster's New International Dictionary, Second Edition, as follows:
"That which is built; specifically: (a) As now generally used, a fabric or edifice, framed or constructed, designed to stand more or less permanently, and covering a space of land, for use as a dwelling, storehouse, factory, shelter for beasts, or some other useful purpose. Building in this sense does not include a mere wall, fence, monument, hoarding, or similar structure, though designed for permanent use where it stands; nor a steamboat, ship, or other vessel of navigation. (b) As interpreted under some statutes, a portion of a house occupied as a separate tenement; an apartment or tenement."
Applying the foregoing definition to a telephone booth, certainly it qualifies as a structure designed to serve a useful purpose.
In addition to the above broad definitions of the word "building," we note that the said word in Section 810.05, Florida Statutes, F.S.A., is preceded by the adjective "any", generally meaning "of whatever kind," so that we think that the State Legislature in using the words "any building" in the said statute clearly intended them to embrace structures falling within the general meaning of "building" in addition to the structures specifically enumerated in the statute; otherwise, the use of the said words would have been a futility.
In the foregoing discussion we have somewhat belabored the point concerning the meaning of "building" and "any building" because, when we initially considered this matter before consulting the authorities, we were inclined to think that a telephone booth did not naturally fall into the category of a building as contemplated in a burglary or breaking and entering statute. Our study of the above authorities, however, convinces us that the outdoor telephone booths involved in the present case are buildings within the meaning of the words "any building" as used in Section 810.05. Our only function is to interpret and apply the words used in the statute and to try to ascertain from such language the Legislature's intention expressed therein when the law was enacted.
*59 The other points raised by the appellant in this appeal have been considered and found to lack substantial merit, so the judgment appealed from must be and it is
Affirmed.
STURGIS, Chief Judge, and WIGGINTON, J., concur.