**The People of the State of Illinois, Plaintiff-Appellee, v. William Borneman (Impleaded), Defendant-Appellant.**

Gen. No. 64–156.

Second District.

January 3, 1966.

Bellows, Bellows & Magidson, of Chicago, William C. Erbecker, of Indianapolis, Indiana, and Thomas A. Keegan, of Rockford, for appellant.

William R. Nash, State's Attorney, and William R. Nively, Assistant State's Attorney, both of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The defendant, William Borneman, along with an accomplice, was indicted on two counts for burglary and a third count for theft. He was found guilty by a jury on the first count of burglary in that he "without author-

ity, knowingly entered into the telephone booth building . . . , with intent to commit therein a theft. . . ."

On appeal he claims that the evidence was insufficient to prove him guilty beyond a reasonable doubt, that he was not charged with a crime in that a telephone booth is not a building within the meaning of the word as used in section 19–1 of the Criminal Code of 1961, that the trial court erred in its conduct toward the defendant's chief witness, that the prosecutor presented prejudicial argument and that the trial court erred in refusing to give one of the defendant's tendered instructions.

The prosecution offered evidence which, although circumstantial, would justify the finding that the appellant and his accomplice broke into the coin box of a public telephone located in an outdoor telephone booth in Loves Park, Illinois. The evidence further disclosed that they then removed the coin receptacle and coins and later threw the receptacle away. Shortly thereafter, they were apprehended in a motel and found to be in possession of over $2,000 worth of nickels, dimes and quarters. They also possessed slugs.

The defendant did not testify in the trial. A defense witness testified that he had seen the defendant and his accomplice with two strangers involved in a card game in which a large amount of change was used, and that one of the strangers had stated to the witness that he and the other stranger were in the vending business.

We are first confronted with the question of whether or not a telephone booth is a "building" within the meaning of the word as used in section 19–1 of the Criminal Code of 1961 which provides:

"A person commits burglary when without authority he knowingly enters into, or without authority remains within a building, housetrailer, watercraft, air-

craft, railroad car, or any part thereof, with intent to commit therein a felony or theft."

The telephone booth in question was approximately seven feet tall, had three walls, a door and a roof. It was permanently attached to a concrete slab by four bolts. The phone booth housed a telephone which contained a coin receptacle used to collect the coins received from persons making phone calls.

Although we find no decision in this jurisdiction directly in point, we do find some early Illinois Supreme Court cases that have passed upon the question before us, namely, what constitutes a building under the burglary statute. In 1898, the court in the case of Gillock v. People, 171 Ill 307, 49 NE 712, held that a chicken house, sixteen foot square with doors, windows and a tin roof, that housed chickens, was a building as used in the burglary statute. A later case spelled out the definition of what constituted a building under the statute by holding that a partially constructed tool shed met the requirements, People v. Gillespie, 344 Ill 290, 176 NE 316 (1931), wherein at page 294 the court said:

"A building, within this act, has been defined as a fabric, structure or edifice, such as a house, church, shop or the like, designed for the habitation of men or animals *or for the shelter of property; a structure.*" (Emphasis added.)

In the case of Bruen v. People, 206 Ill 417, 69 NE 24 (1903), the court stated an additional element to the definition above at page 423:

"It must be permanent. . . ."

■■ Therefore, we find that there are three elements necessary in defining what constitutes a "building" as used in the burglary statute, being Ill Rev Stats Ch 38, sec 19–1 (1961). First, that it be a structure,

edifice or fabric; second, that it be designated for the habitation or shelter of men, animals or property; and third, that it be permanent. The outdoor telephone booth as shown by the evidence in this case meets the definition and requirements set forth. Having reached this conclusion, we, therefore, join other jurisdictions who have found outdoor telephone booths to be "buildings" within the purview of burglary statutes. See People v. Miller, 95 Cal App2d 631, 213 P2d 534, 536; People v. Clemison, 105 Cal App2d 679, 233 P2d 924, 926; Sanchez v. People, 142 Colo 58, 349 P2d 561; Perry v. State of Florida (Fla), 174 So2d 55 (1965).

■ Notwithstanding the foregoing, we find that prejudicial error was committed during the trial requiring a reversal of the judgment and remanding the case for a new trial. The defendant, as already stated, did not testify. We find counsel for the defendant tendered the following instruction:

> "The Court instructs the jury that the fact that the defendant, William Lester Borneman, did not testify in this case does not create any presumption of guilt against him and should not have any influence upon you in arriving at your verdict."

which the trial court marked "Tendered-Covered." The instruction was not given to the jury. The record further discloses that the prosecutor, during the closing argument, commented:

> "I submit to you that they are guilty of the crimes we have charged them with, and there is only one verdict in the case, and that's one of burglary. *Our case stands undenied by these defendants.*"

The state argues that two of the defendant's instructions that were given covered the principle of law omitted by the refusal to give the aforesaid instruction. The two instructions claimed to alleviate the error were:

255

"The Court further instructs the jury that every person charged with a crime and upon trial for the same in the State of Illinois and the United States of America is presumed to be innocent.

And in this regard, the Court further instructs the jury that such presumption of innocence is not a mere idle form to be disregarded by the jury at will, but is a substantial part of the law of the State of Illinois, and is of itself sufficient upon which a jury may acquit the defendants unless and until the State of Illinois shall have proved the guilt of the defendant beyond all reasonable doubt and to a moral certainty and as charged in the counts of the indictment in this case."

and

"The Court further instructs the jury that the burden of proof in this case is not upon the defendant to prove himself innocent of the charges made against him in the indictment in this case;

And in this regard, the Court instructs the jury that the burden of proving the guilt of the defendant beyond all reasonable doubt and to a moral certainty is at all times in this case upon the People of the State of Illinois, and, in arriving at your verdict and in weighing the evidence in this case, the jury should adhere strictly to such rule and none other."

We disagree. We believe the defendant was entitled to have the jury instructed outright on this particular point and not by inference or implication. People v. Greben, 352 Ill 582, 186 NE 162 (1933), People v. Moorelander, 25 Ill2d 309, 185 NE2d 166 (1962), Ill Rev Stats Ch 38, sec 734 (1963). The error, especially when considered in light of the State's Attorney's comments was prejudicial and a new trial is required.

It is not necessary for us to comment upon the other matters urged for reversal. The judgment of the Circuit Court of Winnebago County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ABRAHAMSON, P. J. and DAVIS, J., concur.