THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ÁNGEL SANTIAGO, Defendant and Appellant.

No. CR-68-213.      Decided November 20, 1969.

E. *Armstrong Watlington* for appellant. J. *F. Rodríguez Rivera, Acting Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for The People.

Mr. Justice Ramírez Bages delivered the opinion of the Court.

Having been accused and convicted of two offenses of burglary and ordered to serve penalties of from two to five years in the penitentiary in both cases, appellant assigns that the evidence presented failed to establish the offenses charged, since one of the properties burglarized was not identified, as required in *People* v. *Medina Walker*, 90 P.R.R. 633, 637 (1964) and, as to the second offense, the property consisted of a motor vehicle which is "a structure not susceptible of being burglarized" pursuant to the provisions of § 408 of the Penal Code (33 L.P.R.A. § 1591). We do not agree.

■ 1.—As to the identification of the burglarized house, the evidence was the following: The minor Alejandro Martínez López testified that on the night of the events he saw appellant "on the promenade of Lloréns . . . Punta Las Marías"; that the latter jumped over the fence of the second house in said place, broke a window and extracted therefrom a wedding ring which was sold for $15; that the witness got $3.00; he did not remember the street where the house was located. The information stated that the residence was the one on 102 Bucaré Street, Punta Las Marías Urb. The prejudiced party identified this property as his, situated at 102 Bucaré Street "at the end of Loíza Street, Lloréns Torres, upon turning the curve, the first house that you see there . . . ," and testified that he returned thereto late in the night of the events through the kitchen door; that on the kitchen counter "there was my bedroom radio, the blender and a lamp . . . , the kitchen window, the last one, had a glass missing"; that he went to his room to "check whether anything had been stolen, I noticed that the drawer and all the things were on the bed and then, suddenly, I remembered the little box where I kept an engagement ring and it was open and the ring was missing, an engagement ring which I had bought." Both testimonies agree as to the fact that the burglarized property is located near the boundary, adjoining Lloréns

Torres Public Housing Development, where appellant lives. They coincide as to the fact of the broken window, which was that of the residence of the prejudiced party, and in the description of the stolen object, a wedding ring, as the minor testified, and an engagement ring, as indicated by the prejudiced party, its owner. This sequence of facts adequately connect the prejudiced party with the burglarized house and connect appellant with the acts committed, beyond any reasonable doubt.

We believe that the evidence was sufficient to identify adequately the burglarized residence and that the doctrine in *Medina Walker, supra,* is not applicable.

■ The defense maintained that appellant was accused of having burglarized a mobile store and the evidence established that the prejudiced party owned a van. It invokes the principle of legality consecrated by this Court in the case of *Meléndez* v. *Superior Court,* 90 P.R.R. 639, 642 (1964) in construing § 5 of our Penal Code (33 L.P.R.A. § 5), which provides that no citizen shall be prosecuted for any offense unless such offense is expressly prohibited by law. It argues that pursuant to § 408 of the Penal Code (33 L.P.R.A. § 1591) in Puerto Rico the establishments susceptible of being burglarized are: ". . . house, room, apartment, tenement, shop, warehouse, store, barn, stable, outhouse, or other building, tent, vessel or car . . ." a delivery van not being expressly prohibited by law.

The prejudiced party testified that on the night of February 11, 1968, he saw appellant and two other persons taking away from his business, a box of red kidney beans and a box of salt; that his business establishment was a van located in front of Building No. 28 of Lloréns Torres Public Housing Development which has walls and a front door and another back door to wait on customers; that said groceries were stored in the front part where the motor is; the van is divided into two parts, the front, where the motor and the counter

are; and the rear part where the customers are waited on; that he had locked the business and when he returned to the same at 10:30 p.m. he found that the padlock of the front door had been broken.

We conclude that the business in question is included within the terms "store" or "another building", or "car", to which § 408 of the Penal Code refers.

In *Sánchez* v. *People*, 349 P.2d 561 (Colo. 1960), it was stated that the term "building", in a statute similar to ours, covers all types of structures known but not then included when the statute was adopted, and, possibly, other types which might be invented in the future; that the legislative intent was that a "building" is a structure which has a capacity to contain, and is designed for the habitation of man or animals or the sheltering of property. *People* v. *Miller*, 213 P.2d 536 (1950) (95 Cal. App.2d 631). In *People* v. *Corral*, 140 P.2d 172, 174 (60 Cal. App.2d 1943), it was held that as to the term "store" within the statute in question, which we adopted, no legislative intent can be discerned to limit this word to anything less than its broadest meaning. Thus in *People* v. *Burley*, 79 P.2d 148 (1938), which we cited in *People* v. *Cosme Vargas*, 96 P.R.R. 815, 820 (1969), it was held that a stand for selling popcorn, mounted on wheels, is a building within the meaning of burglary statutes. In *State* v. *Parson*, 222 P.2d 637 (Ariz. 1950), they arrived at the same conclusion with respect to a trailer house mounted on wheels being used by the owner as an office for his used car business.

In view of the foregoing, the judgment of June 3, 1968, rendered in this case by the Superior Court, San Juan Part, will be affirmed.

Mr. Chief Justice and Mr. Justice Hernández Matos did not participate herein. Mr. Justice Dávila concurs in the result.