489 P.2d 281

**STATE of Arizona, Appellee,**

v.

**Albert HOGUE, Appellant.**

**No. I CA–CR 346.**

Court of Appeals of Arizona,
Division 1.

Oct. 7, 1971.

Gary K. Nelson, Atty. Gen., by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Blake, Colter, Flickinger & Daudet, P. C., by James H. Colter, Phoenix, for appellant.

HATHAWAY, Judge.

This appeal is from the denial of a motion to vacate a judgment and sentence of guilty to first degree burglary after entry of a guilty plea by the defendant.

The defendant was arrested near Holbrook, Arizona, in Navajo County and charged, with three other individuals, in connection with the burglary of telephone

booths under A.R.S. § 13-303, burglary by mechanical means. The defendant proceeded without counsel, waived preliminary hearing and entered a plea of guilty to two counts of burglary by mechanical means on July 16, 1963. The record reflects that Hogue and his co-defendants stated that they did not want counsel to represent them.

On July 29, 1963, the defendant was given six years probation under Count One. Imposition of sentence on Count Two was suspended and probation given for five years.

On March 26, 1965, a revocation hearing was held and the suspended sentences revoked. On March 29, 1965, defendant was sentenced from one to three years on both counts to be served concurrently.

Two days later, the court set the sentences aside, finding them not to be in conformity with the statute which calls for a five year minimum term. A.R.S. § 13-303. Defendant then asked for counsel which was appointed by the court.

On April 2, 1965, Count One was amended from burglary by mechanical means under A.R.S. § 13-303, to charge first degree burglary under A.R.S. § 13-302. Defense counsel objected, contending that the defendant should be sentenced under A.R.S. § 13-676 (Supp.1970-71), applying to coin operated contrivances. Nevertheless, the defendant withdrew his guilty plea to burglary by mechanical means and pleaded guilty to the amended information charging first degree burglary, and was sentenced to the Arizona State Prison for a period of one to three years. Count Two of the information was dismissed.

The defendant served his prison term and was released. On August 6, 1970, the defendant, acting in *propria persona*, filed a motion in the trial court to vacate the judgment and sentence. The motion was denied as was a motion for rehearing. This appeal is from the denial of those motions.

The first question presented for review is whether the defendant should have been charged under A.R.S. § 13-676 (Supp.1970-71), rather than § 13-303 or § 13-302, under which he was convicted. A.R.S. § 13-676 (Supp.1970-71) would permit a first offender to be treated as a misdemeanant. The trial judge expressed the opinion that A.R.S. § 13-302 is broad enough to include the offense committed by the defendant and we agree. The defendant contends that a telephone booth does not qualify as a building under the burglary statute. Our statute was adopted from California and consequently authority from that jurisdiction construing the statute is particularly persuasive. We are persuaded that a telephone booth is a building, not only by our own common sense, but also by the California Court of Appeals in People v. Nunez, 7 Cal.App.3d 655, 86 Cal. Rptr. 707 (1970). Also see, Sanchez v. People, 142 Colo. 58, 349 P.2d 561, 78 A.L. R.2d 775 (1960); Commonwealth v. McCoy, 209 Pa.Super. 399, 228 A.2d 43 (1967).

Defendant next contends that there was not an effective or valid waiver of the right of counsel. This question would appear to be moot in view of his rearraignment and entry of a guilty plea after counsel had been furnished. We, therefore, decline to discuss the matter further.

Finally, the defendant contends that there was not an intelligent or understanding entry of the guilty plea. On this question, his brief is devoted exclusively to the lack of counsel at the earlier proceedings. As has been pointed out, that defect was corrected on rearraignment. Even though the guilty plea was entered here prior to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which was given prospective effect only in State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969), it appears evident that the defendant fully appreciated the circumstances of his rearraignment. The rearraignment was for the purpose of permitting the entry of a lesser sentence, as was explained

by the court. Also, the plea was made after objection to the charge as previously discussed herein. The defendant had counsel at the time of making this subsequent plea, and the record would indicate that the plea was understandingly entered.

The judgment is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.