281 So.2d 356 (1973)
STATE of Florida, Petitioner,
v.
William G. HIGH, Respondent.
No. 42317.
Supreme Court of Florida.
June 6, 1973.
Rehearing Denied September 6, 1973.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for petitioner.
W. Daniel Kearney, Asst. Public Defender, for respondent.
CARLTON, Chief Justice:
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Second District, reported at 260 So.2d 549. We have jurisdiction pursuant to Article V, Section 3(b)(3), Fla. Const.F.S.A.
This cause is very similar to State v. Jackson, 281 So.2d 353, our opinion in which is also filed this date. Jackson involved a conviction for breaking and entering a telephone booth with intent to commit a felony. The conviction in the instant case was for entering a telephone booth, without breaking, with intent to commit a misdemeanor. In both cases, the District Court reversed on the grounds that the telephone booths involved were not `buildings' within the meaning of the burglary statutes and that non-consent to enter the booths had not been established. See our opinion in Jackson for a discussion of the conflicts created by these decisions.
In Jackson we held that a telephone booth enclosed with walls and a *357 ceiling is a building within the meaning of our burglary statutes. Nevertheless, we affirmed the District Court's reversal of the convictions in Jackson on the issue of non-consent to enter. While non-consent is not an "element" of a crime of breaking and entering with felonious intent, it is inherent in the common law concept of a "breaking". A breaking is the actual or constructive use of some force against a part of a building in effectuating an unconsented entry. See 12 C.J.S. Burglary § 11.
In the instant case, however, the issue of consent or non-consent to enter is irrelevant. Respondent was convicted of entering without breaking with intent to commit a misdemeanor, as prohibited by Fla. Stat. § 810.05, F.S.A. By so changing the common law burglary definition, the Legislature has removed the requirement that an entry be unconsented or unlawful in any way, except as it becomes unlawful by reason of the intent of the person entering.
We have not had occasion to consider this question before, but several other courts have. Generally, other courts have also held that consent to enter is irrelevant under statutes proscribing "entry" with wrongful intent. See 93 A.L.R.2d 533.
Since, in this case, the prosecution did not have to establish non-consent to enter, a different result must be reached than in Jackson. The decision of the District Court of Appeal, Second District, is reversed. The District Court is directed to reinstate the judgment of the trial court, subject to consideration by the District Court of points on appeal not yet reached by it.
It is so ordered.
ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.