281 So.2d 353 (1973)
STATE of Florida, Petitioner,
v.
Bennie JACKSON and Henry Fisher, Respondents.
No. 42320.
Supreme Court of Florida.
June 6, 1973.
Rehearing Denied September 6, 1973.
*354 Robert L. Shevin, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., for petitioner.
W. Daniel Kearney, Asst. Public Defender, for respondents.
CARLTON, Chief Justice.
This case is before us on a petition by the State of Florida for a writ of certiorari to the District Court of Appeal, Second District. Since the opinion of the District Court in this cause, reported at 259 So.2d 739, conflicts with Perry v. State, 174 So.2d 55 (1st D.C.A.Fla. 1965), and Tavalaccio v. State, 59 So.2d 247 (Fla. 1952), we have jurisdiction. Article V, § 3(b)(3), Florida Constitution, F.S.A.
Respondents, Jackson and Fisher, were convicted of breaking and entering a building, specifically a telephone booth, with intent to commit a felony therein, in violation of Fla. Stat. § 810.02, F.S.A. The District Court reversed on the grounds that "(1) the record did not establish that the `phone booth' was a `building' within the meaning of the applicable statute, and (2) an indispensable element in the charge of breaking and entering, namely, the non-consent of the owner, was not established."
In Perry v. State, supra, the First District Court upheld multiple convictions of entering without breaking "a certain building, to-wit: a telephone booth" with intent to commit a misdemeanor. The Court held that the telephone booths involved, shown to have been located "outdoors, not within another building," were themselves buildings within the meaning of the applicable statute. The decision in the case sub judice does not, in precise terms, conflict with Perry, but in the opinion now before us the District Court explained, obiter dictum, that in its view a telephone booth was not a building within the meaning of the statute whether located indoors or out. This is the type of obiter dictum which creates conflict. See Southern Realty & Utilities Corp. v. Belmont Mortgage Co., 186 So.2d 24 (Fla. 1966).
In Perry, the First District Court thoroughly analyzed several definitions of the word "building". We think it correctly concluded that a telephone booth which is enclosed with walls and a roof and which is located outdoors is a building within the meaning of our burglary statutes. See also 78 A.L.R.2d 778. The record in the instant case establishes that the telephone booth involved is of this type. It is, therefore, a building which may be unlawfully broken and entered under certain circumstances.
In this case, however, the District Court properly reversed respondents' convictions because it was not established that the breaking and entering of the telephone booth amounted to a trespass. See Jenkins v. State, 58 Fla. 62, 50 So. 582 (1909). Where the one entering a building has permission *355 to enter, either express or implied, there is no trespass and, therefore, no breaking and no burglary. Cannon v. State, 102 Fla. 928, 136 So. 695 (1931); see 12 C.J.S. Burglary §§ 10-12.
The conflict with Tavalaccio v. State, supra, lies not in the result reached by the District Court, but in its characterization of non-consent of the owner of the building as an element of the crime charged. We have often stated, as in Tavalaccio, that the elements of a statutory burglary of this type are (1) the breaking and (2) the entering of a building with (3) the intent to commit a felony therein. Non-consent is not, per se, an element of the crime; the element of `breaking' however, means the actual or constructive use of some force against a part of a building in effectuating an unconsented entry. See 12 C.J.S. Burglary § 11.
When the crime charged is breaking and entering with intent to commit larceny, we have held that non-consent to the alleged taking intended may be established by circumstantial evidence. Johnson v. State, 157 Fla. 328, 25 So.2d 801 (1946). Non-consent to entry of the building may also be established in this manner. In the case at bar, however, the evidence presented at trial showed nothing other than a public telephone booth impliedly open to anyone at any hour, and no unusual circumstances were proven. For a building of this type to be unlawfully broken and entered, the implied consent to enter must be negated  for example, by proving that the telephone booth was out-of-order and padlocked.
Since non-consent to enter was not established in this case, the reversal of respondents' convictions for breaking and entering with intent to commit a felony is hereby affirmed. The opinion of the District Court of Appeals, Second District, is modified, however, as indicated herein.
It is so ordered.
ROBERTS, ERVIN and McCAIN, JJ., concur.
DEKLE, J., dissents with Opinion.
DEKLE, Justice (dissenting):
I must respectfully dissent (even though agreeing with the conclusion on the merits) because of my view that pure obiter dictum, since it is not a prior adjudication of a point of law, cannot constitute a constitutional basis of conflict to vest jurisdiction in the Supreme Court.
Fla. Const. art. V, § 3(b)(3) (1973), which is the basis for conflict certiorari here, provides for:
"... review by certiorari [of] any decision of a district court of appeal ... that is in direct conflict with a decision of any district court of appeal or of the supreme court on the same question of law... ." (Emphasis added)
It is, therefore, a conflict with decisions, not a conflict with "opinions or reasons that supplies jurisdiction for review by certiorari." Gibson v. Maloney, 231 So.2d 823, 824 (Fla. 1970). Since obiter dictum is neither a "question of law" nor "a decision" on a question of law within this grant of jurisdiction, we have no basis for jurisdiction merely on some comment of a district court which may be in variance, and often is, with a rule of law or decision in other cases. A court by such dictum is simply discussing the question before it, prior to arriving at its "decision" which is the basis for review.
Sunad, Inc. v. City of Sarasota, 122 So.2d 611 (Fla. 1960), which seized upon obiter for conflict was a 4-3 decision in which only one judge remains as a member of the present Supreme Court; the subsequent Southern Realty & Util. Corp. v. Belmont Mtg. Corp., 186 So.2d 24 (Fla. 1966), cited for conflict in the present opinion, relies upon Sunad.
*356 This Court should expressly recede from any notice of conflict on mere obiter dictum which is entirely inconsistent with the important bases of constitutional, statutory and similarly paramount grounds for consideration by this Court which is already laboring under an excess caseload of almost 1400 cases per year (contrasted with the recommended [and actual] appellate court caseload in other states of only half that number). We need to direct our energies toward those more important matters to which we were limited when the people of Florida fixed our jurisdiction by their vote for our Constitution.