421 So.2d 510 (1982)
STATE of Florida, Petitioner,
v.
Carlos Wayne HICKS, Respondent.
No. 61557.
Supreme Court of Florida.
October 28, 1982.
Jim Smith, Atty. Gen., and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender of the Seventh Judicial Circuit, Daytona Beach, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Fifth District Court of Appeal reported as Hicks v. State, 407 So.2d 252 (Fla. 5th DCA 1981). The district court in Hicks held that non-consent to entry is an essential element of burglary under section 810.02(1), Florida Statutes (1979), which the state must allege in an information or indictment. We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and find conflict with State v. Jackson, 281 So.2d 353 (Fla. 1973); Howard v. State, 400 So.2d 1329 (Fla. 4th DCA 1977), cert. denied, 364 So.2d 888 (Fla. 1978). We hold that consent to entry is an affirmative defense to, rather than an essential element *511 of, burglary, and quash the decision of the district court.
Hicks was charged by an amended information with armed burglary and grand theft. He moved to dismiss the amended information, relying on section 810.02(1), which provides: "`Burglary' means entering or remaining in a structure or conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." (Emphasis added.) He contended that the statute, as written, makes non-consent to entry an essential element of burglary. Because the state failed to allege this element, Hicks asserted, the information must be dismissed. The trial court denied the motion, agreeing with the state that consent to entry under section 810.02(1) is an affirmative defense. At trial Hicks was convicted of grand theft and burglary of a dwelling, a lesser included offense of armed burglary.
The district court, in reversing Hicks' conviction, used the rule of statutory construction set forth in Baeumel v. State, 26 Fla. 71, 7 So. 371 (1890), to interpret section 810.02(1). The district court found the phrase "unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain" to be part of the enacting clause of the statute under the Baeumel test and concluded that non-consent to entry was, therefore, an essential element of burglary. In reaching its determination, the district court recognized that this Court, in State v. Jackson, 281 So.2d 353 (Fla. 1973), held that under the then-existing burglary statute non-consent to entry was not an essential element of burglary, but was a sub-element of breaking. The district court concluded, however, that Jackson is no longer applicable because the burglary statute was revised in 1975. The district court reasoned that when the legislature revised the statute, eliminating breaking as an element, it inferentially elevated non-consent to a statutory element of the crime. The district court concluded that "with `breaking' no longer required, it is necessary to directly allege the element of non-consent." Hicks, 407 So.2d at 254. Judge Cowart dissented, taking issue with this construction of the statute.
We disagree with the district court's reasoning. While section 810.02(1) has eliminated breaking as an essential element in all burglary offenses, we reject the view that the statute as it is now written establishes non-consent to entry as an essential element of burglary. We find that as used in section 810.02(1), the word "unless" is a qualifier to the primary sentence of the statute, separating the consent phrase from the enacting clause and making consent an affirmative defense. We agree with Judge Cowart in his dissent that a proper application of the Baeumel test results in this conclusion.
Moreover, a review of the statute's history reveals that the legislature, in revising the burglary chapter, intended only to consolidate the burglary offenses and did not intend to make non-consent to entry an essential element of burglary. The common law crime of burglary consisted of breaking and entering the dwelling house of another at night with the intent to commit a felony therein. Prior to the adoption of the present statute in 1975, the Florida Statutes' chapter on burglary contained numerous burglary offenses, some of which required breaking and entering with intent to commit a crime, and others of which merely required an entering with intent to commit a crime.[1] The pre-1975 offense of entering, without breaking, with the intent to commit a felony under section 810.03, Florida Statutes (1973), did not contain a non-consent element. See State v. High, *512 281 So.2d 356 (Fla. 1973). Furthermore, with those burglary offenses which had breaking as an element, non-consent was merely a sub-element of breaking. In 1975, these various burglary offenses were consolidated into the present statute, and Florida, like many jurisdictions,[2] deleted breaking from the required elements. Non-consent to entry was not an essential element of burglary prior to the 1975 revision, and we find that the phrasing of the new statute does not reflect a legislative intent to make non-consent an essential element of burglary. The critical element in both the prior and present burglary statutes is that a defendant enter or remain in the premises "with the intent to commit an offense therein."
We note that section 810.07, Florida Statutes (1979), which existed prior to the 1975 revision, provides that the state can establish a prima facie case of burglary by showing that a defendant stealthily, and without the consent of the owner, entered a structure. This provision allows the state to use proof of non-consent as a means of establishing the intent element, but it does not recognize non-consent as an element of burglary.
For the reasons expressed, we quash the decision of the district court of appeal and direct that Hicks' conviction be reinstated.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, McDONALD and EHRLICH, JJ., concur.
NOTES
[1] Chapter 810, Florida Statutes (1973), contained the following burglary offenses: Breaking and entering a dwelling house with intent to commit a felony therein (810.01); breaking and entering other buildings, ships, or vessels with intent to commit a felony therein (810.02); entering without breaking with intent to commit a felony therein (810.03); breaking and entering a railroad car with intent to commit a felony (810.04); breaking and entering with intent to commit a misdemeanor (810.05); and breaking and entering or entering without breaking a vehicle (810.051).
[2] Those jurisdictions which have eliminated the breaking requirement from their burglary statutes include: Ala. Code § 13 A-7-5, -6, -7 (1977); Ariz.Rev.Stat. § 13-1506, 1507, 1508 (1981); Ark.Stat.Ann. § 41-2002 (1977); Cal. Penal Code § 459-60 (1978); Colo. Rev. Stat. Ann. § 18-4-202, -203, -204 (1981); Conn. Rev.Gen.Stat. § 53a-101 (1981); Del. Code Ann. § 11-824, -825, -826 (1979); Ga. Code Ann. § 26-1601 (1981); Hawaii Rev.Stat. § 708-810 (1976); Idaho Code Ann. § 18-1401 (1979); Ill.Stat.Ann. ch. 38 § 19-1 (1977); Iowa Code § 713.1 (1981); La. Rev. Stat. Ann. § 14:60 (1974); Minn. Stat. § 609.58 (1980); Mont. Code Ann. § 45-6-204 (1981); N.H. Rev. Stat. Ann. § 635:1 (1974); N.Y.Penal Law § 140.20, .25, .30 (1982); Ore.Rev.Stat. § 164.215, 225 (1981); 18 Pa. C.S.A. § 3502 (1973); Tex.Penal Code § 30.02 (1974); Utah Code Ann. § 76-6-202 (1978); Wash. Rev. Code § 9A.52.020, .030 (1981); Wis. Stat. Ann. § 943.10 (1982).