GLICKSTEIN, Judge.
This is a timely appeal from an order dismissing (with leave to re-file) a Petition for Adjudication of Delinquency on the ground that it failed to allege an essential element of the crime of burglary. We reverse and remand. The petition charged appellee with burglary and alleged that he
on the 19th day of October A.D. 1981 in the County and State aforesaid did unlawfully enter or remain in a structure or *1015 the curtilage thereof, located at 3601 Southwest 89th Avenue, Miramar, property of Broward County School Board, with intent to commit therein the offense of Theft, to-wit: the obtaining, using, or endeavoring to obtain or use the property of another, said property being of value, with the intent to permanently and unlawfully deprive the owner or any other person of said property or the use and benefit thereof, contrary to F.S. 810.02(1) and F.S. 810.02(3), 3rd Degree Felony
(Emphasis supplied.) The trial court conducted a hearing on the sufficiency of the petition; and based on Hicks v. State, 407 So.2d 252 (Fla. 5th DCA 1981), dismissed it because of the state’s failure to allege non-consensual entry.[1] Subsequent to the trial court’s order, the supreme court quashed the decision of the district court of appeal in State v. Hicks, 421 So.2d 510 (Fla.1982), and concluded that non-consent is not an essential element of burglary. It said:
The critical element in both the prior and present burglary statutes is that a defendant enter or remain in the premises “with the intent to commit an offense therein.”
Id. at 512.
DELL and WALDEN, JJ., concur.

. A petition for an adjudication of delinquency must, like an information or indictment, allege the essential elements of a crime. K.M.S. v. State, 402 So.2d 593 (Fla. 5th DCA 1981).