I concur in the majority's conclusion that Nettie Mae Weakley's second hearing constituted a rearraignment on the charge of distribution of a controlled substance and cured the error of allowing her to enter a plea without counsel at the first arraignment. I write specially to explain more fully the proper assessment of a first arraignment without counsel when it is followed by a second arraignment with counsel and when it is not.
In Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157,7 L.Ed.2d 114 (1961), the Supreme Court of the United States reversed a capital conviction where the defendant was not afforded the benefit of counsel at his arraignment. The Supreme Court emphasized that in Alabama arraignment was a "critical stage" in the criminal proceeding because certain defenses and pleas could be lost if not made at the arraignment.Id. at 53-54, 82 S.Ct. 157. Similarly, in White v.Maryland, *Page 238 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), the Supreme Court held that where a capital defendant's preliminary hearing was defective because counsel was not present, a subsequent formal arraignment where counsel was present did not cure the defect because the preliminary hearing itself was a "critical stage" in the criminal proceeding.
At Weakley's initial arraignment, the trial court properly determined whether she had counsel; she did not. See Rule 14.2(a)(1), Ala. R.Crim. P. (requiring that at the arraignment the court determine whether the defendant is represented by counsel and, if not, that the court appoint counsel). When Weakley's attempts to hire counsel proved unsuccessful, the trial court properly appointed counsel for her. See id.
Error occurred at the initial arraignment, however, because Weakley entered her plea — a plea of not guilty — at a critical stage of the proceedings without benefit of counsel. See Hamilton, 368 U.S. at 54, 82 S.Ct. 157.
The trial court then held a second hearing, at which Weakley entered a plea of guilty. This hearing constituted, in effect, a rearraignment. Weakley was informed of the charge against her. See Rule 14.2(a)(2), Ala. R.Crim. P. (requiring the trial court to determine, at an arraignment, that the defendant or the defendant's attorney is informed as to the charge or charges against the defendant); White v. State, 294 Ala. 265,270, 314 So.2d 857, 861 (indicating that the main purpose of an arraignment is to notify the defendant of the charges against him, by reading or explaining the indictment in open court), cert. denied, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975). At the second hearing, the trial court determined that Weakley's counsel was in court representing her. See Rule 14.2(a)(1). Weakley entered a plea of guilty. See Rule 14.2(c)(1) (stating that the defendant may enter a plea of guilty at the arraignment).
In my view, when the defendant is afforded a second arraignment that is free from defects, no act or omission by the defendant at the first arraignment should be deemed to waive any defense, plea, or other opportunity to assert a right or defense, and no incriminating evidence from the first arraignment should be admissible at trial. Cf. White v. Maryland,373 U.S. at 60, 83 S.Ct. 1050. Thus, Weakley's first arraignment without counsel did not constitute a "critical stage" and her second arraignment with counsel completely cured the initial error. SeeUnited States ex rel. Maisenhelder v. Rundle,349 F.2d 592, 594 (3d Cir. 1965) (holding that lack of counsel at preliminary hearing was cured by appointment of counsel, opportunity to consult with counsel, and presence of counsel at subsequent formal arraignment); State v. Rogue,15 Ariz.App. 434, 435, 489 P.2d 281, 282 (1971) (holding that question whether defendant waived counsel at first arraignment was moot because defendant was represented by counsel at rearraignment).
Where the defendant does not have a proper second arraignment, however, the proper appellate assessment depends on whether the defendant was charged with a capital crime or was charged with a noncapital crime. In Hamilton, 368 U.S. at 55,82 S.Ct. 157, the Supreme Court specifically stated: "When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted." (Emphasis added.) In Coleman v. Alabama, 399 U.S. 1, 10-11,90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), however, the Supreme Court remanded a noncapital case, in which the defendant was not represented by counsel at a preliminary hearing, for a determination of prejudice. Accord Anderson v. UnitedStates, 352 F.2d 945 (D.C. Cir. 1965) (stating that lack of counsel at arraignment on a noncapital charge did not require reversal where no prejudice had resulted); Macey v.Commonwealth, 352 Mass. 519, 226 N.E.2d 225 (1967) (same). Thus, where the defendant is not afforded counsel at an arraignment for a noncapital crime, I would canvass the record to determine whether the defendant had suffered actual prejudice that would warrant a reversal of the conviction and a remand for rearraignment.
LYONS, J., concurs. *Page 239