EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ ÁNGEL SANTIAGO, acusado y apelante.

*Número:* CR-68-213      *Resuelto:* 20 de noviembre de 1969

*E. Armstrong de Watlington,* abogada del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Acusado y convicto de dos escalamientos y condenado a sufrir penas de dos a cinco años de presidio en ambos casos, el apelante apunta que la prueba presentada dejó de establecer los delitos imputados pues no se identificó una de las propiedades escaladas como lo requiere *Pueblo* v. *Medina Walker,* 90 D.P.R. 650, 654 (1964) y, en cuanto al segundo delito, la propiedad consistía de un vehículo de motor que es "una estructura no susceptible de ser escalada" de acuerdo con lo dispuesto en el Art. 408 del Código Penal (33 L.P.R.A. sec. 1591). No tiene razón.

■ 1.—En cuanto a la identificación de la casa escalada la prueba fue la siguiente: El menor Alejandro Martínez López testificó que vio al apelante en la noche de los hechos "por el paseíto de Lloréns . . . Punta Las Marías"; que éste brincó la verja de la segunda casa en dicho sitio, rompió una ventana y sacó de allí un aro de matrimonio el cual vendieron en $15; que al testigo le tocaron $3; no recordaba la calle donde estaba la casa. En la acusación se alega que se trataba de la residencia en la calle Bucaré 102, Urb. Punta Las Marías. El perjudicado identificó esta propiedad como suya, localizándola en la calle Bucaré 102 "al final de la

calle Loíza, Lloréns Torres, tan pronto coge la curva, la primera casa que se ve allí . . .", y testificó que regresó a ella tarde en la noche de los hechos por la puerta de la cocina; que encima del mostrador de la cocina "estaba el radio mío del cuarto, la trituradora y una lámpara . . ., la ventana de la cocina, la última, no tenía un cristal"; que se dirigió a su habitación a "chequear a ver si me habían sacado algo, noté que el gavetero y todas las cosas estaban encima de la cama y rápido entonces, me acordé de la cajita donde guardaba un aro de compromiso y estaba abierta y no estaba el aro, un aro de compromiso que yo compré." Ambos testimonios concuerdan en el hecho de que la propiedad escalada está localizada junto a los confines, contigua al Caserío Lloréns Torres, donde reside el apelante. Coinciden en el hecho de la ventana rota, la cual resultó ser la de la residencia del perjudicado y en la descripción del objeto hurtado, un aro de matrimonio como declaró el menor y de compromiso como indicara el perjudicado perteneciente a éste. Esta cadena de hechos relacionan en forma adecuada al perjudicado con la casa escalada y conectan al apelante con los hechos cometidos más allá de toda duda razonable.

Creemos que la prueba identificó suficientemente la morada escalada y que la doctrina de *Medina Walker*, supra, no es de aplicación.

■ Sostiene la defensa que al apelante se le acusó de haber escalado una tienda rodante y la prueba estableció que el perjudicado poseía una guagua comercial. Invoca el principio de legalidad consagrado por este Tribunal en el caso de *Meléndez* v. *Tribunal Superior*, 90 D.P.R. 656, 659 (1964), al interpretar el Art. 3 de nuestro Código Penal (33 L.P.R.A. sec. 3), el cual postula que a un ciudadano no se le debe encausar por una conducta que no esté expresamente prohibida por ley. Arguye que de acuerdo con el Art. 408 del Código Penal (33 L.P.R.A. sec. 1591) en

Puerto Rico los establecimientos susceptibles de ser escalados son: "... casa, aposento, habitación, casa de vecindad, taller, almacén, tienda, granero, establo, dependencia u otro edificio, pabellón, embarcación, carro o vagón ..." no estando expresamente prohibido por ley una guagua comercial.

El perjudicado testificó que vio al apelante y a otros dos sustraer de su negocio, en la noche del 11 de febrero de 1968, una caja de habichuelas coloradas y una caja de sal; que su negocio consistía de una guagua comercial situada frente al Edificio 28 del Caserío Lloréns Torres la cual tiene paredes y puerta adelante y otra detrás para despachar; que esa mercancía estaba almacenada en la parte delantera donde está el motor; la guagua está dividida en dos, la delantera donde está el motor y el mostrador, y la de atrás donde se despacha; que había cerrado el negocio y al regresar al mismo a las 10 1/2 de la noche encontró que habían roto el candado de la parte del frente.

Concluimos que el negocio en cuestión está incluido dentro de los términos "tienda" u "otro edificio", "carro" o "vagón", a que se refiere el Art. 408 del Código Penal.

En *Sánchez* v. *People*, 349 P.2d 561 (Colo. 1960), se dijo que el término "edificio" en un estatuto similar al nuestro incluye cualquier tipo de edificio conocido pero no incluido cuando se adoptó el estatuto y posiblemente otros que puedan ser inventados en el futuro; que la intención legislativa era que un "edificio" es una estructura capaz de contener, y diseñado para la habitación del hombre o animales o para guardar bienes. *People* v. *Miller*, 213 P.2d 536 (1950) (95 Cal. App. 2d 631). En *People* v. *Corral*, 140 P.2d 172, 174 (60 Cal. App. 2d 1943), se resolvió que en cuanto al término "tienda" en el estatuto en cuestión el cual adoptamos, no se percibe una intención legislativa de limitarlo a otra cosa que no sea su significado más amplio. Así en *Pueblo* v. *Burley*, 79 P.2d 148 (1938), el cual citamos en *Pueblo* v. *Cosme Vargas*, 96 D.P.R. 836, 841 (1969), se resolvió que

un kiosco o puesto para vender rositas de maíz (*popcorn*) montado sobre ruedas, es un edificio en el cual se puede cometer escalamiento. En *State* v. *Parson*, 222 P.2d 637 (Ariz. 1950), se llegó a la misma conclusión con respecto a un carro de remolque sobre ruedas usado como oficina por el operador de un negocio de vehículos usados.

*En vista de lo expuesto, debe confirmarse la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 3 de junio de 1968.*

El Señor Juez Presidente y el Juez Asociado Señor Hernández Matos no intervinieron. El Juez Asociado Señor Dávila concurre en el resultado.