PUEBLO DE PUERTO RICO, demandante y peticionario, *v.* JUAN R. HERNÁNDEZ SOLÍS, JOSÉ HERNÁNDEZ IGLESIAS y HÉCTOR PASTRANA OMS, acusados y recurridos.

*Número:* O-80-248      *Resuelto:* 28 de noviembre de 1980

*Héctor A. Colón Cruz, Procurador General,* y *Rose Mary Corchado Lorent, Procuradora General Auxiliar,* abogados del peticionario; *Freddy Méndez Camel* y *Rubén Castillo Marín,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Los imputados fueron acusados de que, actuando conjuntamente, penetraron ilegal y voluntariamente en horas de la noche, mediante forzamiento, al patio cercado de la Escuela Jardines de Caguas, ubicada en jurisdicción de Caguas, Puerto Rico, cuyo patio constituye una dependencia o anexo del edificio de dicha escuela, penetración que hicieron con el propósito de cometer delito público; en este caso, el de apro-

piación ilegal. En consecuencia, fueron acusados del delito de escalamiento agravado.

El acusado Hernández Solís se declaró culpable del delito de apropiación ilegal agravada; el acusado José Hernández Iglesias hizo alegación de no culpable; y Héctor Pastrana Oms hizo alegación de no culpable y planteó que la acusación no imputaba delito alguno.

El tribunal ordenó que se registrara una alegación de no culpable en los tres casos y desestimó las acusaciones por entender que las mismas no constituían el delito imputado. Incidió en error la ilustrada sala sentenciadora. Corresponde expedir el auto y revocar la resolución recurrida.

El Código Penal define los delitos de escalamiento y de escalamiento agravado en sus Arts. 170 y 171 (33 L.P.R.A. secs. 4276 y 4277) en la siguiente forma:

Art. 170. Toda persona que penetrare en una casa, un edificio u otra construcción, o estructura, *o sus dependencias* o anexos, con el propósito de cometer cualquier delito de apropiación ilegal o cualquier delito grave, será sancionada con pena de reclusión por un término máximo de seis meses. (Énfasis suplido.)

Art. 171. Será sancionado con pena mínima de un año y máxima de quince años el que cometiere el delito previsto en la sec. 4276 de este título con la concurrencia de cualquiera de las siguientes circunstancias:

(a) De noche.

(b) En una casa, edificio, o estructura habitada aunque al momento de cometerse el hecho delictivo no estuviere presente persona alguna.

(c) Si la persona estuviera armada con algún arma mortífera o capaz de ocasionar grave daño corporal.

(d) Si se causare o se intentare causar daño corporal.

(e) Cuando mediare forzamiento para la penetración.

(f) Cuando se produjera en cualquier escuela elemental, intermedia o secundaria, pública o privada.

Se imputa a los acusados haber roto el candado del portón del patio de la escuela, de haber penetrado en dicho patio y de

haberse apropiado de materiales de construcción que allí había, pertenecientes al gobierno.

El patio no era un "patio abierto" como pretenden hacernos creer los apelantes, sino, como hemos indicado, por el contrario, el patio tenía una cerca de alambre eslabonado, portón y candado. A los apelantes se les imputa haber roto el candado para poder penetrar, y haber penetrado en el patio.

■ El Art. 170, como vimos, incluye además de edificios y otras estructuras, a sus dependencias o anexos. El patio de la escuela es una dependencia de la escuela, dentro de la letra y el espíritu de dicho Art. 170, máxime si está cercado, como lo estaba en el caso de autos.

■ En el caso de las escuelas, como se sabe, el patio forma parte de la misma. Es el lugar de reunión de los alumnos antes del comienzo de las clases, allí van durante sus horas de recreo y allí también se reúnen con frecuencia después de terminadas las horas de clase. El patio es una parte integral de la escuela. Es una dependencia o anexo de la misma bajo el citado Art. 170 del Código Penal. Habiendo sido acusados los apelantes de haber entrado en dicho patio, con forzamiento del candado, y con intención criminal, la acusación imputaba delito público, en específico, el delito de escalamiento agravado según definido en el Art. 171 del Código Penal, párrafos (a), (e) y (f).

El juez de instancia expresa que el Art. 178 del Código Penal penaliza el entrar en una heredad ajena. El hecho de que los apelantes, al cometer los hechos imputados, hayan podido cometer otro delito, no quiere decir que no cometieron el escalamiento agravado por el cual fueron acusados. Los Arts. 170 y 171 del Código Penal antes citados cubren clara y expresamente los hechos imputados.

En *Pueblo* v. *Cosme Vargas*, 96 D.P.R. 836, 842 (1969), interpretando una disposición más restrictiva que el vigente Art. 170, dijimos lo siguiente:

Nuestro estatuto incluye a los "edificios" entre los lugares

que pueden ser objeto de escalamiento. La palabra edificio es una palabra muy abarcadora, que ha sido interpretada liberalmente y lo razonable es entender que el almacén que fue objeto de escalamiento en este caso es un edificio. Pero aún en el supuesto de que nos viésemos en la necesidad de interpretar, la interpretación judicial debe hacerse con fines socialmente útiles. En un país como Puerto Rico en donde en el presente ocurre un escalamiento cada 28 minutos y en donde hay que encerrar en rejas de acero a los hogares y a los establecimientos comerciales, no hay justificación alguna para recortar judicialmente el ámbito del artículo en cuestión (33 L.P.R.A. sec. 1591) sino que lo razonable parece que es adoptar la mejor jurisprudencia y la mejor doctrina sobre el particular, lo cual nos llevaría a concluir que el almacén escalado es un edificio y que se cometió el delito. (Escolio omitido.)

En un caso análogo en el cual confirmamos la penetración ilegal a una marquesina, *Pueblo* v. *Pagán Medina*, 99 D.P.R. 753, 756 (1971), expresamos que:

. . . La adjudicación contemporánea no se hace a base de preconcepciones arcáicas y dogmáticas sino que, para darle vida y vigencia al derecho, los tribunales recurren a enfoques jurisprudenciales realistas. Esa es la forma de llevar a la adjudicación los elementos de racionalidad y razonabilidad que son indispensables para la formulación correcta de toda norma jurídica.

Véase también el caso *Pueblo* v. *Santiago*, 98 D.P.R. 82 (1969).

Es de conocimiento general que el problema con que se confrontan nuestras escuelas hoy día en relación con los delitos de escalamiento, escalamiento agravado, apropiación ilegal y vandalismo es sumamente grave y penoso. Sobre este mal innecesario y vicioso hay una reciente expresión legislativa, contenida en la Exposición de Motivos de la Ley Núm. 130 de 30 de junio de 1977, enmendatoria del Art. 171 del Código Penal, de cuya Exposición de Motivos copiamos en parte:

La ola de hechos vandálicos cometida en escuelas públicas y privadas del país es motivo de preocupación para la comunidad

puertorriqueña. Nos enteramos diariamente por los medios de comunicación de la Isla, de la alta incidencia de penetración en distintas escuelas, para saciar instintos de destrucción de la propiedad escolar. El saqueo y la destrucción a que son sometidas las facilidades o los planteles de enseñanza son parte de los daños causados a la sociedad por el vandalismo.

Los programas noticiosos han editorializado sobre el particular ofreciendo y pidiendo remedios. Toda esta situación es de conocimiento público y oficial.

*En vista de lo anterior, se expedirá el auto, se revocará la resolución recurrida de 12 de marzo de 1980 y se devolverá el caso al Tribunal Superior, Sala de Caguas, para que se continúen los procedimientos correspondientes.*