Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>EDWIN HERNÁNDEZ MATOS<br><br>Peticionario | KLCE202300374 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil número: K BD2022G0230<br><br>Sobre: 64(A) Y 64(P) Crasa Violación al Debido Proceso de Ley |
|---|---|---|

Panel integrado por su presidenta, la jueza Birriel Cardona, los jueces Bonilla Ortiz y Pagán Ocasio.

Birriel Cardona, Jueza Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece el Sr. Edwin Hernández Matos (señor Hernández Matos o el peticionario), y solicita la revocación de la *Minuta Resolución* emitida el 9 de febrero de 2023, por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario), notificada el 7 de marzo de 2023. Mediante la referida *Minuta Resolución* el foro primario declaró *No Ha Lugar* la *Solicitud de Desestimación* presentada por el peticionario al amparo de la Regla 64 (A) de Procedimiento Criminal, fundamentada en que la acusación y denuncia no imputan delito y concluyó que conforme a la Regla 35 de Procedimiento Criminal, sobre el contenido de la acusación, se cumplen los estándares mínimos para notificar al acusado de que se le acusa. Igualmente, mediante la *Minuta Resolución* aquí recurrida, el TPI declaró *No Ha Lugar* una *Solicitud de Desestimación* presentada por el señor Hernández Matos al amparo de la Regla 64 (P) de Procedimiento Criminal,

Número Identificador

RES2023 _____

fundamentada en ausencia total de prueba para acusar. Sobre esos extremos, tras escuchar la regrabación de la vista preliminar, concluyó el TPI que aunque la prueba presentada por el Ministerio Público en esa etapa, es prueba circunstancial que consiste de prueba de referencia, particularmente, récords electrónicos de negocios y vídeos de una investigación sobre su contenido, la misma es susceptible a utilizar las excepciones de prueba de referencia bajo la Regla 901 (13) de Evidencia y la Regla 902, inciso (L) sobre Autenticación *prima facie* de récord electrónico. Finalmente concluyó el foro primario que no hubo ausencia total de prueba sobre los elementos esenciales del delito.   Razonó el TPI, que la prueba presentada en la Vista Preliminar no tiene que cumplir con las Reglas de Evidencia en esa etapa, y que aunque se trate prueba de referencia, dicha prueba es susceptible de ser admitida en juicio, si el Ministerio Público cumple con las Reglas 901 y 902 de Evidencia, *supra*.

Por los fundamentos que pasamos a exponer, expedimos el auto de *certiorari* y **revocamos la Resolución recurrida**.

I

El 9 de marzo de 2022, el Ministerio Público formuló denuncia en contra del señor Hernández Matos en la que le imputó infracción al Artículo 182 del Código Penal de Puerto Rico. (Apropiación Ilegal Agravada) que lee como sigue:

> EL REFERIDO ACUSADO, EDWIN HERNÁNDEZ MATOS, ALLÁ EN O PARA LOS DÍAS DEL 2 DE OCTUBRE DE 2021 HASTA EL 3 DE MARZO DE 2022 EN LAS TIENDAS PEP BOY DE LA MARGINAL BALDORIOTY DE CASTRO EN SANTURCE; PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE SAN JUAN, ILEGAL, VOLUNTARIA Y CRIMINALMENTE, SE APROPIÓ SIN VIOLENCIA NI INTIMIDACIÓN DE VARIEDAD EN MERCANCÍA Y DINERO EN EFECTIVO EXTRAÍDO DE LA CAJA REGISTRADORA DE LA TIENDA PEP BOY, LA CUAL ESTÁ REPRESENTADA POR EL SR. MATHEW RICHARDS SILCOX Y JENNIFER

VEGA DÍAZ, LOS CUALES SON REPRESENTANTES DE DICHA TIENDA, LA PROPIEDAD ESTÁ VALORADA EN $10, 776.79.

EL AGRAVANTE CONSISTE EN QUE LA CANTIDAD ES MAYOR DE $10,000 DÓLARES.

El 4 de agosto de 2022, el Ministerio Público presentó un pliego de acusación que duplica las mismas alegaciones de la Denuncia.

Así las cosas, el 29 de septiembre de 2022, el señor Hernández Matos presentó ante el foro primario *Solicitud de Desestimación, Regla 64 (A) de Procedimiento Criminal- Fundamentado en que la Acusación y Denuncia no Imputa Delito.* En esencia, el peticionario sostuvo que el Ministerio Público omitió informarle, tanto en la denuncia como en la acusación la modalidad del Artículo 181 del Código Penal, por la cual lo estaba procesando.   En igual fecha, el peticionario presentó además, *Solicitud de Desestimación, Regla 64 (P): de Procedimiento Criminal- Fundamentado en Ausencia Total de Prueba.*

El 7 de diciembre de 2022, el Ministerio Público presentó ante el TPI *Urgente Moción en Oposición a Solicitud de Desestimación.* Sostuvo que la acusación cumple con informar adecuadamente el delito imputado ya que especifica qie el peticionario se apropió de bienes muebles pertenecientes a la tienda Pep Boys en violación a lo dispuesto en el inciso (a) del Artículo 181 del Código Penal de 2012.  Asimismo, destacó que el propósito de la acusación es notificarle al acusado el delito por el cual se le está procesando, sin que sea necesaria la utilización de palabras específicas. Puntualizó el Ministerio Público que la acusación le imputa al señor Hernández Matos haberse apropiado sin violencia de un bien que no le pertenece.

En lo referente a la Solicitud de *Solicitud de Desestimación, Regla 64 (P): de Procedimiento Criminal- Fundamentado en Ausencia Total de Prueba,* destacó el Ministerio Público que la prueba desfilada puede consistir de prueba circunstancial.

El 2 de enero de 2023 el Ministerio Público presentó ante el TPI *Urgente Moción Para Someter Videos Presentados en la Vista Preliminar*, a lo que se opuso el peticionario mediante moción presentada el 5 de febrero de 2023 y alegó que dicha evidencia era inadmisible.

Finalmente, el 9 de febrero de 2023, tras celebrar una vista, el foro primario emitió *Minuta Resolución* en la que declaró No Ha Lugar la *Solicitud de Desestimación* presentada por el peticionario al amparo de la Regla 64 (A) de Procedimiento Criminal, fundamentada en que la acusación y denuncia no imputan delito y **concluyó que conforme a la Regla 35 de Procedimiento Criminal, sobre el contenido de la acusación, se cumplen los estándares mínimos para notificar al acusado de que se le acusa**. Igualmente, mediante la *Minuta Resolución* aquí recurrida, el TPI declaró *No Ha Lugar* una *Solicitud de Desestimación* presentada por el señor Hernández Matos al amparo de la Regla 64 (P) de Procedimiento Criminal, fundamentada en ausencia total de prueba para acusar la prueba presentada en la Vista Preliminar no tiene que cumplir con las Reglas de Evidencia en esa etapa, y que aunque se trate prueba de referencia, dicha prueba es susceptible de ser admitida en juicio.

Inconforme, el señor Hernández Matos presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

ERRÓ EL HONORABLE TRIBUNAL SUPERIOR DE SAN JUAN AL NO DESESTIMAR LA ACUSACIÓN AL AMPARO DE LA REGLA 64 (A) DE PROCEDIMIENTO CRIMINAL, QUE A SU VEZ CARECE EN INCLUIR TODOS LOS ELEMENTOS NECESARIOS PARA CONFIGURAR EL DELITO DE APROPIACIÓN ILEGAL. CONSISTENTE, EN QUE LA HONORABLE JUEZA ANALIZÓ INCORRECTAMENTE LAS ALEGACIONES DE LA ACUSACIÓN, CUANDO INFIRIÓ Y TOMÓ EN CONSIDERACIÓN "ALEGACIONES" QUE NO IMPUTA LA ACUSACIÓN.

ERRÓ EL HONORABLE TRIBUNAL SUPERIOR DE SAN JUAN AL NO DESESTIMAR LA ACUSACIÓN AL AMPARO DE LA REGLA 64 (P) DE PROCEDIMIENTO CRIMINAL, AUSENCIA TOTAL DE PRUEBA. CONSISTENTE, EN QUE LA DETERMINACIÓN DE CAUSA PROBABLE PARA ACUSAR DURANTE LA VISTA PRELIMINAR SE FUNDAMENTÓ EN PRUEBA TOTALMENTE INADMISIBLE.

El 24 de abril de 2023, compareció ante nos el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, mediante *Escrito en Cumplimiento de Orden*. En síntesis, sostiene que la Resolución recurrida no constituyó un abuso de discreción del foro primario, por lo que procede denegar el auto de certiorari solicitado por el señor Hernández Matos.

II

A.

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Pueblo v. Colón Mendoza*, 149 D.P.R. 630, 637 (1999). Este procede para revisar errores de derecho en lo procesal y lo sustantivo. *Íd.* Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse ordinariamente de asuntos interlocutorios.

Claro está, esa discreción no opera en el vacío. Para guiar el ejercicio de nuestra discreción, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera siete criterios que el tribunal considerará al determinar si expide o no un auto de *certiorari*. Estos son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 L.P.R.A. Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de nuestra discreción como tampoco se trata de una lista exhaustiva. *García v. Padró*, supra. La norma vigente es que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del TPI cuando éste haya incurrido en arbitrariedad, pasión, prejuicio o parcialidad, o en un craso abuso de discreción o en una interpretación o aplicación errónea de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 719 (2007); *In re Ruiz Rivera*, 168 DPR 246, 252-253 (2006); *García v. Asociación*, 165 DPR 311, 322 (2005); *Álvarez v. Rivera*, 165 DPR 1 (2005);

*Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000); *Zorniak v. Cessna*, 132 DPR 170, 181 (1992).

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. En otras palabras, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el Foro de Instancia.

Al analizar la procedencia de un recurso de *certiorari*, debemos tener presente su carácter discrecional que debe ser usado con cautela y solamente por razones de peso. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 91 (2008); *Bco. Popular de P. R. v. Mun. De Aguadilla*, 144 DPR 651, 658 (1997).

B.

La Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II, contiene una serie de fundamentos que el imputado de delito puede invocar a los fines de solicitar la desestimación de una acusación o denuncia.  Entre esos fundamentos, el inciso (a) de la Regla 64, supra, dispone que "**la acusación o denuncia no imputa un delito**". Para que el Ministerio Público pueda cumplir con lo anterior, no se le exige ningún lenguaje estereotipado o técnico en su redacción ni el uso estricto de las palabras dispuestas en el estatuto, **solo se le exige que el contenido exponga todos los hechos constitutivos del delito**. *Pueblo v. Vélez Rodríguez*, 186 DPR 621, 629 (2012).

C.

De otra parte, el principio de legalidad es un conjunto de garantías al ciudadano, propias de un sistema de derecho constitucional y democrático. Este principio opera como un conjunto de reglas cuyo denominador común es la justificación para que la intervención del Estado en los asuntos de los individuos esté basada en la ley y no en la fuerza bruta. Asimismo, el principio de legalidad no es solo una exigencia de seguridad jurídica que requiere la determinación previa por ley de delitos y penas, sino que, además, es la garantía política de que la persona no será sometida por el Estado, ni por los jueces a penas que no admita el pueblo. D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General*, 7ma ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, Inc., 2015, pág. 69.

Nuestro Tribunal Supremo en *Meléndez v. Tribunal Supremo,* 90 DPR 656 (1964), puntualizó que lo que se persigue es que los tribunales, en su rol de interpretar la ley, no se excedan en sus funciones y adjudiquen las controversias a tono con la intención del legislador. La premisa básica del principio de legalidad puede resumirse en que la ley escrita es la única fuente del Derecho Penal. Nevares-Muñiz, *op. cit*., pág. 73; *Pueblo v. Santiago,* 98 DPR 82 (1969).

El principio de legalidad está consagrado en el Art. 2 del Código Penal de 2012, 33 LPRA sec. 5002, el cual dispone lo siguiente:

> No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos.
>
> No se podrán crear por analogía delitos, penas, ni medidas de seguridad.

El referido artículo advierte que los hechos por los cuales pueda ser acusado una persona deberán estar claramente descritos por ley. Esta prohibición responde al requisito de que las leyes deben dar un aviso adecuado de las consecuencias penales de la conducta que ordenan prohíben.

En cuanto a la interpretación de los estatutos penales, el Art. 13 del Código Penal de 2012, 33 LPRA sec. 5013, establece la siguiente normativa:

> Si el lenguaje empleado en un estatuto es susceptible de dos o más interpretaciones, debe ser interpretado para adelantar los principios establecidos en este Código y la protección del bien tutelado en el artículo particular objeto de interpretación, pero siempre tomando como base el principio de responsabilidad penal.

Sobre esta norma de hermenéutica, debemos destacar que la misma admite una interpretación restrictiva o **extensiva**, que adelante el propósito legislativo, siempre que **no caiga en la analogía**. (Énfasis y subrayado nuestro). Nevares-Muñiz, *op. cit.*, pág. 122.

La ley no puede estar redactada de tal forma, que un individuo de inteligencia común esté obligado a adivinar su significado o que pueda, razonablemente, diferir de su aplicación; ello violaría el debido proceso de ley. Art. II, Sec. 7 de la Constitución del ELA; *Pueblo v. Hernández Colón,* 115 DPR 891 (1987).

Todas las leyes, incluso las más claras, requieren de algún grado de interpretación. *Pueblo v. Sierra Rodríguez*, 137 DPR 903 (1995). Sobre esa realidad, es fundamental recordar, que al lenguaje de una ley debe dársele la interpretación que valide el propósito del Legislador, conscientes siempre de sus consecuencias. *Pacheco v. Vargas, Alcaide*, 120 DPR 404, 409 (1988). Por esta razón, "tenemos el deber de hacer que el derecho

sirva propósitos útiles y evitar una interpretación tan literal que lleve a resultados absurdos." *Íd*. No debe caerse en la superficialidad de creer que una ley penal es nula por defecto de vaguedad debido a que requiera alguna interpretación. *Pueblo v. Tribunal Superior*, 81 DPR 763, (1960).

Cónsono con lo anterior, en nuestro sistema jurídico los tribunales somos los llamados a interpretar las leyes. En el ejercicio de tal función, utilizamos los principios de hermenéutica judicial para interpretar los estatutos de acuerdo con la verdadera intención del legislador. *Pueblo v. Zayas Rodríguez*, 147 DPR 530, (1999).

Sin embargo, esto no quiere decir que a la letra de un estatuto deba dársele su significado más restrictivo, o hacer caso omiso de la evidente intención del Legislador. Pueblo v. Sierra Rodríguez, *supra*; *Pacheco v. Vargas, Alcaide*, *supra; Pueblo v. Mantilla, supra*. No debemos perder de vista, que la Ley Penal "no es, [ni tampoco será nunca] un sistema completo y sin lagunas de modo que, con el simple procedimiento lógico basado en los preceptos legales escritos, se puedan resolver todas las cuestiones". *Pueblo v. Tribunal Superior*, *supra*.

El Artículo 12 del Código Penal de 2012, 33 LPRA sec. 5012, dispone en cuanto a la interpretación de palabras y frases, que serán estas interpretadas según el contexto y el significado sancionado por el uso común y corriente.

En *Pueblo v. Negrón Nazario¸* 191 DPR 720, 2014, el Máximo Foro expresó en cuanto a la interpretación de la ley lo siguiente:

> Ahora bien, lo anterior no implica que cada hecho constitutivo de delito deba desprenderse de una simple lectura de la ley, ya que todas las leyes, incluyendo las de índole penal, están sujetas a interpretación. Conforme a ello, ante una duda de qué es lo que constituye delito bajo determinada disposición penal, el tribunal debe aplicar los correspondientes principios de hermenéutica, lo cual

podría resultar en **alcanzar una interpretación restrictiva o extensiva** del delito." (Énfasis nuestro).

D.

El delito de **apropiación ilegal** está tipificado en el Artículo 181 del Código Penal de 2012, 33 LPRA sec. 5251 que dispone expresamente lo siguiente:

> Incurrirá en delito menos grave, toda persona que ilegalmente se apropie sin violencia ni intimidación de bienes muebles pertenecientes a otra persona en cualquiera de las siguientes circunstancias:
>
> **(a)   Cuando se toma o sustrae un bien sin el consentimiento del dueño,**
>
> (b)   Cuando se apropia o dispone de un bien que se haya recibido en depósito, comisión o administración, o por otro título que produzca obligación de entregarlos o devolverlos, o
>
> (c)   Cuando mediante engaño se induce a otro a realizar un acto de disposición de un bien.
>
> El tribunal también podrá imponer la pena de restitución.
>
> 33 LPRA sec. 5251

En lo pertinente, el **delito de apropiación ilegal agravada** está tipificado en el Artículo 182 del Código Penal de 2012, 33 LPRA sec. 5252 en las siguientes modalidades:

> Toda persona que cometa el delito de apropiación ilegal descrito en la sección 5251 de este título, ..
> …………………………
>
> **Si el valor del bien apropiado ilegalmente es menor de diez mil (10,000) dólares**, pero mayor de quinientos (500) dólares será sancionado con pena de reclusión por un término fijo de tres (3) años.
>
> 33 LPRA sec. 5252

III

En el caso que nos ocupa, es la contención del peticionario que incidió el foro primario al denegar su solicitud de

desestimación de la denuncia y la acusación, presentada al amparo de la Regla 64 inciso a de las Reglas de Procedimiento Criminal, supra, fundamentada en que estas no imputan delito.

Como cuestión de umbral destacamos que el 9 de marzo de 2022, el Ministerio Público presentó denuncia en contra del señor Hernández Matos por el delito de apropiación ilegal, la cual lee expresamente como sigue:

> EL REFERIDO ACUSADO, EDWIN HERNÁNDEZ MATOS, ALLÁ EN O PARA LOS DÍAS DEL 2 DE OCTUBRE DE 2021 HASTA EL 3 DE MARZO DE 2022 EN LAS TIENDAS PEP BOY DE LA MARGINAL BALDORIOTY DE CASTRO EN SANTURCE; PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE SAN JUAN, ILEGAL, VOLUNTARIA Y CRIMINALMENTE, SE APROPIÓ SIN VIOLENCIA NI INTIMIDACIÓN DE VARIEDAD EN MERCANCÍA Y DINERO EN EFECTIVO EXTRAÍDO DE LA CAJA REGISTRADORA DE LA TIENDA PEP BOY, LA CUAL ESTÁ REPRESENTADA POR EL SR. MATHEW RICHARDS SILCOX Y JENNIFER VEGA DÍAZ, LOS CUALES SON REPRESENTANTES DE DICHA TIENDA, LA PROPIEDAD ESTÁ VALORADA EN $10, 776.79.
>
> EL AGRAVANTE CONSISTE EN QUE LA CANTIDAD ES MAYOR DE $10,000 DÓLARES.

Asimismo, en el pliego acusatorio, el Ministerio Público reprodujo el contenido expreso de la denuncia.

Sobre esos extremos, dispone expresamente el Artículo 182 del Código Penal de 2012, 33 LPRA sec. 5252 que incurrirá en apropiación ilegal agravada **"[t]oda persona que cometa el delito de apropiación ilegal descrito en la sección 5251 de este título,** "si **el valor del bien apropiado ilegalmente es menor de diez mil (10,000) dólares**, pero mayor de quinientos (500) dólares".  A su vez, el Artículo 181, del Código Penal de 2012, 33 LPRA sec. 5251, dispone en su inciso (a) como uno de los elementos de **delito de apropiación ilegal,** la apropiación sin violencia ni intimidación de bienes muebles pertenecientes a otra

persona "**cuando se toma o sustrae un bien sin el consentimiento del dueño**"

De lo anterior se desprende que **es palmario que el pliego acusatorio <u>no contiene todos los elementos del delito de apropiación ilegal agravada</u>, toda vez que el Ministerio Público omitió incluir el elemento contenido en el inciso (a) de del Artículo 181, supra, que dispone que la apropiación ocurre** "<u>**cuando se toma o sustrae un bien sin el consentimiento del dueño**</u>".

Por **imperativo del principio de legalidad**, no estamos pues ante la omisión de un detalle o de un lenguaje específico <u>**sino ante la omisión en el pliego acusatorio de un elemento del delito por el cual se quiere acusar al peticionario**</u>**. En vista de que el contenido de la denuncia y la acusación debe exponer todos los hechos constitutivos del delito, y en el presente caso el Ministerio Público omitió uno de ellos, concluimos que procedía la desestimación de la acusación al amparo de la Regla 64 (A) de Procedimiento Criminal, supra**. Véase además, *Pueblo v. Vélez Rodríguez*, 186 DPR 621, 629 (2012). En el caso que nos ocupa la acusación no imputa delito

Con estos antecedentes, concluimos que incidió el foro primario al declarar No Ha Lugar la *Solicitud de Desestimación, Regla 64 (A) de Procedimiento Criminal- Fundamentado en que la Acusación y Denuncia no Imputa Delito.*

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, expedimos el auto de certiorari y revocamos la Minuta-Resolución recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Bonilla Ortiz disiente sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones