Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LUIS M. RIVERA CASTILLO<br><br>Peticionario | KLCE202300482 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.<br>A BD2017G0143<br><br>Reclasificado:<br>Sobre:<br>Inf. Art. 189 CP con atenuantes |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2023.

## I.

El 28 de abril de 2023, el señor Luis M. Rivera Castillo (peticionario) presentó una *Petición de Certiorari*, en la que solicitó que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI) el 30 de noviembre de 2022 y notificada el 6 de diciembre de 2022.[2] Mediante el referido dictamen, el TPI declaró "No Ha Lugar" la *Moción de Corrección de Sentencia al amparo de la Regla 185 de Procedimiento Criminal.*[3]

El 3 de mayo de 2023, notificada el 5 de mayo de 2023, emitimos una Resolución en la que concedimos a la parte recurrida diez (10) días, para presentar su posición sobre el recurso.

El 15 de mayo de 2023, el recurrido presentó su Escrito en Cumplimiento de Orden. Mediante este, argumentó que procede que se corrija la condena impuesta al peticionario en el caso número A

---

[1] Ver Orden Administrativa OA JP-086 del 4 de noviembre de 2021.
[2] Apéndice de la Petición de *Certiorari*, Anejo IX, pág. 27.
[3] Íd., Anejo VII, págs. 21-25.

Número identificador
SEN2023_____

BD2017G0143, ya que, habiéndosele sentenciado por el delito de tentativa de robo, se le impuso una pena mayor a los diez años que establece el Código Penal, lo que la convierte en una sentencia ilegal.

Con el beneficio de la comparecencia de las partes, pormenorizaremos los hechos atinentes a la Petición de *Certiorari*.

**II.**

El caso de marras tuvo su génesis el 23 de mayo de 2017 con la presentación de cuatro denuncias por alegadas infracciones al Art. 190 del Código Penal, 33 LPRA sec. 5260, Art. 5.04, 5.05 y 5.15 de la Ley Núm. 404-2000, según enmendada, Ley de Armas de Puerto Rico, 25 LPRA ant. sec. 458c, 458d y 458n; por hechos ocurridos el 22 de mayo de 2017.[4] El 3 de noviembre de 2017, el Ministerio Público presentó las correspondientes acusaciones por los delitos imputados en las denuncias.[5]

Así las cosas, el 14 de noviembre de 2017, las partes sometieron una moción sobre alegación pre-acordada.[6] El acusado renunció al jurado y sometió alegación de culpabilidad. El TPI aceptó la renuncia del jurado y ordenó la continuación del proceso por Tribunal de Derecho.[7] La alegación pre-acordada consistía en la reclasificación del delito del Art. 190 del Código Penal, supra, para imputar una tentativa del Art. 189 del Código Penal, 33 LPRA sec. 5259, con atenuantes y pena sugerida de 11 años y 6 meses de cárcel. En los casos por los Arts. 5.04, 5.05 y 5.15 de la Ley de Armas, supra, se enmendaron las acusaciones para que establecieran que eran sin uso de arma. La pena sugerida para el Art. 5.04, *supra*, era de un (1) año y seis (6) meses de cárcel, para el Art. 5.05, *supra*, era de un (1) año de cárcel, y para el Art. 5.15, *supra*, era de un (1) año de cárcel, consecutivos entre sí y con la

---

[4] Íd., Anejo I, págs. 1-4.
[5] Íd., Anejo II, págs. 5-8.
[6] Íd., Anejo III, págs. 9-10.
[7] Íd., Anejo IV, págs. 11-12.

pena de tentativa del Art. 189 del Código Penal, supra, para un total de 15 años.

Posteriormente, el 14 de noviembre de 2017 el TPI emitió la *Sentencia* del caso en la cual aceptó la alegación de culpabilidad del peticionario y lo declaró culpable y convicto por los delitos mencionados.[8] La Sentencia por la infracción de tentativa del Art. 189 del Código Penal con atenuantes, supra, impuso una pena de once años y medio (11.5 años).[9]

El 19 de enero de 2022, en el caso ALA2017G0097 el peticionario por derecho propio presentó su *Moción al amparo del Artículo 36 del Código Penal (Pena de la tentativa) y la Regla 185 p.c. para la corrección de la sentencia*, mediante la cual solicitó la corrección de la sentencia debido a que la pena excede lo autorizado por ley.[10]

El 24 de octubre de 2022, el peticionario, representado por abogados, presentó una *Moción de Corrección de Sentencia al amparo de la Regla 185 del Código Penal.*[11] Mediante esta, argumentó que la sentencia impuesta por la infracción a la tentativa del Art. 189 del Código Penal con atenuantes, supra, era incorrecta e ilegal ya que excede la pena máxima dispuesta en el Código Penal. Así mismo, planteó que la pena impuesta violenta el principio de legalidad que prohíbe la imposición de penas o medidas de seguridad no establecidas previamente por ley. Por lo tanto, explicó que en este caso procedía únicamente la imposición de una sentencia máxima de 5 años y 9 meses de cárcel, correspondiente al delito en su modalidad de tentativa, menos el 25% por el atenuante.

El 30 de octubre de 2022, el TPI concedió quince (15) días al Ministerio Público para fijar su posición.[12] El 30 de noviembre de

---

[8] Íd., Anejo V, págs. 13-16.
[9] Íd., pág. 16.
[10] Íd., Anejo VI, págs. 17-20.
[11] Íd. Anejo VII, págs. 21-25.
[12] id. Anejo VIII pág. 26.

2022, mediante orden, el TPI declaró "No ha Lugar" la corrección de sentencia.[13] El 19 de diciembre de 2022 se presentó una *Moción de Reconsideración*.[14] Mediante esta, reiteró la solicitud de corrección de sentencia por ser contraria a derecho al exceder el máximo permitido por ley. El 21 de diciembre de 2022, el TPI concedió un término de quince (15) días al Ministerio Público para fijar su posición.[15]

El 20 de marzo de 2023, el peticionario presentó una *Moción Informativa* en la cual solicitó que se declarara con lugar la moción de reconsideración presentada el 19 de diciembre de 2022, toda vez que el Ministerio Público no compareció.[16] Sin embargo, el 27 de marzo de 2023, el TPI emitió una orden en la cual declaró sin lugar la moción de reconsideración.[17]

Inconforme, el peticionario recurrió ante nos e imputó al TPI el siguiente error:

> ERRÓ EL TPI AL DECLARAR SIN LUGAR LA SOLICITUD DE CORRECCIÓN DE SENTENCIA POR TENTATIVA DEL ART. 189 DEL CP CON ATENUANTES EN VIOLACIÓN AL DEBIDO PROCESO DE LEY Y AL PRINCIPIO DE LEGALIDAD CUANDO LA MISMA ES ILEGAL, NULA, DEFECTUOSA Y EXCEDE LA PENA ESTABLECIDA POR EL CP

El Pueblo de Puerto Rico, representado por el Procurador General, se allanó a que procede la corrección en la condena impuesta al peticionario en el caso número A BD2017G0143, ya que, habiéndosele sentenciado por el delito de tentativa de robo, se le impuso una pena mayor a los diez años que establece el Código Penal, lo que la convierte en una sentencia ilegal.

---

[13] Íd., Anejo IX, pág. 27.
[14] Íd., Anejo X, págs. 28-30.
[15] Íd., Anejo XI, pág. 31.
[16] Íd., Anejo XII, págs. 32-33.
[17] Íd., Anejo XIII, págs. 34-35.

En vista del error imputado, los argumentos de las partes y el allanamiento del Procurador General a lo solicitado, pormenorizaremos las normas jurídicas aplicables.

**III.**

**A.**

El principio de legalidad está consagrado en el Art. 2 del Código Penal de 2012, 33 LPRA sec. 5002, el cual dispone lo siguiente:

> No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos.
>
> **No se podrán crear por analogía delitos, penas, ni medidas de seguridad**. (Énfasis suplido).

El referido artículo advierte que los hechos por los cuales pueda ser acusado una persona deberán estar claramente descritos por ley. Esta prohibición responde al requisito de que las leyes deben dar un aviso adecuado de las consecuencias penales de la conducta que ordenan o que prohíben.

El principio de legalidad es un conjunto de garantías al ciudadano, propias de un sistema de derecho constitucional y democrático. Este principio opera como un conjunto de reglas cuyo denominador común es la justificación para que la intervención del Estado en los asuntos de los individuos esté basada en la ley y no en la fuerza bruta. Asimismo, el principio de legalidad no es solo una exigencia de seguridad jurídica que requiere la determinación previa por ley de delitos y penas, sino que, además, es la garantía política de que la persona no será sometida por el Estado, ni por los jueces a penas que no admita el pueblo. D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General*, 7ma ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, Inc., 2015, pág. 69.

Nuestro Tribunal Supremo en *Meléndez v. Tribunal Supremo*, 90 DPR 656 (1964), puntualizó que lo que se persigue es que los tribunales, en su rol de interpretar la ley, no se excedan en sus funciones y adjudiquen las controversias a tono con la intención del legislador. La premisa básica del principio de legalidad puede resumirse en **que la ley escrita es la única fuente del Derecho Penal**. Nevares-Muñiz, *op. cit.*, pág. 73; *Pueblo v. Santiago*, 98 DPR 82 (1969).

**B.**

La Regla 185 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185, provee un mecanismo para que el Tribunal de Primera Instancia pueda corregir una sentencia ya dictada. Precisamente dispone lo siguiente:

> (a) Sentencia ilegal; redacción de la sentencia. — El tribunal sentenciador podrá corregir una sentencia ilegal en cualquier momento. Asimismo, podrá, por causa justificada y en bien de la justicia, rebajar una sentencia dentro de los noventa (90) días de haber sido dictada, siempre que la misma no estuviere pendiente en apelación, o dentro de los sesenta (60) días después de haberse recibido el mandato confirmando la sentencia o desestimando la apelación o de haberse recibido una orden denegando una solicitud de certiorari.
> (b) Errores de forma. —Errores de forma en las sentencias, órdenes u otros documentos de los autos y errores en el expediente que surjan por la inadvertencia u omisión podrán corregirse por el tribunal en cualquier momento, y luego de notificarse a las partes, si el tribunal estimara necesaria dicha notificación.
> (c) Modificación de sentencia. — El Tribunal podrá modificar, a solicitud por escrito del Ministerio Público, previa autorización del Jefe de Fiscales en consulta con el Secretario de Justicia, una sentencia de reclusión cuando el convicto coopere en una investigación o procesamiento criminal, en cumplimiento con el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011 y con los requisitos del Artículo 11 del Código Penal de Puerto Rico.

En síntesis, esta Regla establece que pueden revisarse sentencias en dos situaciones, a saber, cuando la sentencia es válida, pero se quiere reducir la pena y cuando la sentencia es ilegal, nula o defectuosa. *Pueblo v. Tribunal Superior*, 91 DPR 539, 540-41 (1964). **Los tribunales tienen la facultad de corregir una sentencia ilegal en cualquier momento**. Una sentencia ilegal es la que se dicta sin jurisdicción o autoridad, contrario al derecho

vigente. ***Pueblo v. Lozano* Díaz**, 88 DPR 834, 838 (1963). Por lo general, la violación que hace nula la sentencia surge con relación a los términos y condiciones que limitan la pena por convicción. ***Pueblo v. García***, 165 DPR 339, 349 (2005).

Esta regla es el mecanismo disponible para corregir una sentencia, ante alguno de los siguientes escenarios: (1) que la pena rebase los límites dispuestos en el estatuto penal, (2) que se impuso un castigo diferente al que se había establecido, (3) la sentencia tiene errores de forma, o (4) por el bien de la justicia. ***Pueblo v Martinez Lugo***, 150 DPR 238, 245 (2000); ***Pueblo v Silva Colon***, 184 DPR 759, 770 (2012).

## C.

El Art. 189 del Código Penal, *supra*, tipifica el delito de robo, como sigue:

> Toda persona que se apropie ilegalmente de bienes muebles pertenecientes a otra, sustrayéndolos de la persona en su inmediata presencia y contra su voluntad, por medio de violencia o intimidación, o inmediatamente después de cometido el hecho emplee violencia o intimidación sobre una persona para retener la cosa apropiada, será sancionada con pena de reclusión por un término fijo de quince (15) años.

El Art. 36 del Código Penal, 33 LPRA sec. 5049, sobre la pena de tentativa establece lo siguiente:

> **Toda tentativa de delito grave conlleva una pena igual a la mitad de la pena señalada para el delito consumado, no pudiendo exceder de diez (10) años la pena máxima de la tentativa**. Toda tentativa de delito que conlleve una pena de reclusión por un término fijo de noventa y nueve (99) años, conlleva una pena de reclusión por un término fijo de veinte (20) años. (Énfasis suplido).

Por último, el Art. 67 del Código Penal, 33 LPRA sec. 5100 regula lo relacionado a atenuantes y agravantes y dispone lo siguiente:

> La pena será fijada de conformidad con lo dispuesto en cada Artículo de este Código. Excepto en delitos cuyo término de reclusión señalado en el tipo sea de noventa y nueve (99) años, el tribunal podrá tomar en consideración la existencia de circunstancias atenuantes y agravantes dispuestas en los Artículos 65 y 66 de este Código. En este caso, de mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un veinticinco (25) por ciento; **de mediar**

**circunstancias atenuantes podrá reducirse hasta en un veinticinco (25) por ciento de la pena fija establecida**. (Énfasis suplido).

**IV.**

En el caso de marras, nos corresponde resolver si el TPI erró al declarar No ha lugar la solicitud de corrección de sentencia por tentativa del Art. 189 del Código Penal, *supra*, con atenuantes por exceder la pena establecida por el estatuto.

Según pormenorizamos, el peticionario se encuentra cumpliendo cárcel, luego de que el TPI aceptó la alegación preacordada y dictó la Sentencia por la infracción de tentativa del Art. 189 del Código Penal con atenuantes, *supra*, e impuso una pena de once años y medio (11.5 años), junto a otras penas por otros delitos. Sin embargo, el Art. 36 del Código Penal, supra, es claro al disponer que "toda tentativa de delito grave conlleva una pena igual a la mitad de la pena señalada para el delito consumado, no pudiendo exceder de diez (10) años la pena máxima de la tentativa". La pena que estableció el Art. 189 del Código Penal, *supra*, para el delito de robo es de quince (15) años. Por lo tanto, la sentencia por la tentativa del mencionado delito no debió exceder el término de diez (10) años.

La parte recurrida está de acuerdo en que la pena impuesta es improcedente en derecho.

Tras un análisis objetivo, sereno y cuidadoso del trámite procesal pormenorizado, del expediente en su totalidad y visto el allanamiento del Pueblo de Puerto Rico, resolvemos que el TPI erró al declarar No ha lugar la solicitud de corrección de sentencia por tentativa del Art. 189 del Código Penal, *supra*, con atenuantes por exceder la pena establecida por el estatuto. Por otro lado, es importante aclarar que la sentencia se impuso con atenuantes, y en conformidad con la alegación preacordada acogida por el Tribunal.

**V.**

Por los fundamentos expuestos, se *expide* el auto de *certiorari,* se *revoca* la *Resolución* recurrida. Se devuelve el caso al TPI y se ordena a que proceda a corregir la condena impuesta al peticionario conforme a lo aquí resuelto.

Notifíquese a todas las partes y al Procurador General. El Departamento de Corrección y Rehabilitación deberá entregar copia de la presente al recurrente en cualquier institución donde se encuentre confinado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones